**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| LOMBARDI'S INC.; LOMBARDI'S FAMILY CONCEPTS, INC.; PENNE SNIDER, LLC; PENNE PRESTON, LLC; ALBERTO LOMBARDI INTERESTS, LLC; TAVERNA DOMAIN AUSTIN, LP; CAFÉ TOULOUSE RIVER OAKS DISTRICT; CAFÉ MONACO HPV, LLC; PENNE LAKEWOOD, LLC; TAVERNA BUCKHEAD, LP; TAVERNA AUSTIN, L.L.C.; TAVERNA FT. WORTH, LLC; TOULOUSE KNOX BISTRO, LLC; TAVERNA ARMSTRONG, L.L.C.; TOULOUSE DOMAIN AUSTIN, LP; BISTRO 31 LEGACY, LP; TAVERNA LEGACY, LP; TAVERNA BUCKHEAD, LP; AND LOMBARDI'S OF DESERT PASSAGE, INC. | § § § § § § § § § § § § § § § § § § § § § | Civil Action No.  3:20-CV-1371 |
| Plaintiffs, | § § | |
| v. | § § | |
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | § § § § | |
| Defendant. | § § | |

**NOTICE OF REMOVAL OF DEFENDANT
ILLINOIS UNION INSURANCE COMPANY**

NOW COMES Defendant Indemnity Insurance Company of North America ("IINA"), pursuant to 28 U.S.C. § 1441 and § 1446, and files this Notice of Removal of the above captioned cause to the United States District Court for the Northern District of Texas, Dallas Division, and in support respectfully shows the Court the following:

On April 29, 2020, Defendant IINA was served with Plaintiff's Original Petition, ("Original Petition"), styled *Lombardi's Inc., et al. v. Indemnity Insurance Company of North*

*America,* which was filed in the 14th Judicial District Court of Dallas County, Texas, and docketed as Cause No. DC-20-05751.   A true and correct copy of the Original Petition is attached as Exhibit A.  Defendant IINA's Answer to the Original Petition was filed on May 22, 2020.  A true and correct copy of the Answer is attached hereto as Exhibit B.  A true and correct copy of the State Court Docket Sheet is attached hereto as Exhibit C.

## A.      This Case is Removable Under 28 U.S.C. § 1332

This matter is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and which may be removed to this Court by Defendant IINA pursuant to 28 U.S.C. § 1441, in that it is a civil action between citizens of different states and, based upon a review of the allegations contained in the Original Petition, the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

### 1.      The Amount-in-Controversy Requirement is Satisfied

When a plaintiff seeks monetary relief and demands an amount that exceeds the minimum jurisdictional amount of $75,000, excluding interest and costs, the defendant can rely on that demand to meet the jurisdictional requirement.  28 U.S.C. § 1446(c)(2).  Here, Plaintiff seeks "monetary relief of more than $1,000,000.00."   Exhibit A ¶ 2 (Original Petition). Plaintiff's allegation of damages in excess of the amount in controversy requirement therefore satisfies this requirement for diversity jurisdiction.

### 2.      On Information and Belief, Complete Diversity Exists Between Plaintiffs and Defendant IINA

Defendant IINA is and at all material times has been incorporated in Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania.   For purposes of diversity jurisdiction, the citizenship of a corporation is the state where it is incorporated and the state

where it has its principal place of business.  *See* 28 U.S.C. 1332(c)(1).  Accordingly, Defendant IINA is a citizen of Pennsylvania for purposes of determining diversity.

Plaintiffs Lombardi's Inc. and Lombardi's Family Concepts, Inc. are each corporations that have been incorporated by the state of Texas and which each have their principal place of business in Dallas County, Texas.  Accordingly, Plaintiffs Lombardi's Inc. and Lombardi's Family Concepts, Inc. are citizens of Texas for purposes of determining diversity.

Plaintiff Lombardi's of Desert Passage, Inc. is a corporation that was incorporated by the state of Nevada and which has its principal place of business in Nevada.  Accordingly, Plaintiff Lombardi's of Desert Passage, Inc. is a citizen of Nevada for purposes of determining diversity.

Plaintiffs Penne Snider, LLC; Penne Preston, LLC; Alberto Lombardi Interests, LLC; Cafe Monaco HPV, LLC; Penne Lakewood, LLC; Taverna Austin, L.L.C.; Taverna Ft. Worth, LLC; Toulouse Knox Bistro, LLC; and Taverna Armstrong, L.L.C. each are limited liability companies whose citizenship is that of their respective members.  *See Murchison Capital Partners, L.P. et al. v. Nuance Communications, Inc.*, Civ. No. 3:12-CV-4746-L, 2013 WL 3328694 (N.D. Tex. July 2, 2013).  Similarly, Plaintiffs Taverna Domain Austin, LP; Café Toulouse River Oaks District, LP; Taverna Buckhead, LP; Toulouse Domain Austin, LP; Bistro 31 Legacy, LP; and Taverna Legacy, LP each are limited partnerships whose citizenship is that of their respective partners.  *Id.*  However, the identity of the members of each of these limited liability companies and the partners of each of these limited partnerships is not publicly available, and Plaintiffs' Original Petition only identified these plaintiff LLCs and LPs as being organized under Texas law and doing business in Texas, without any information as to their members, partners, or their respective citizenships.  *See* Exhibit A ¶ 3(c)-(d).

Defendant IINA diligently searched public records to ascertain the identities of the members and partners of these plaintiff entities, so that it could determine their respective citizenships, but IINA was unable to independently determine the identities of the plaintiff LLC members or LP partners from publicly available sources.  IINA then sought to obtain this information directly from plaintiffs, via their counsel.  A true and correct copy of IINA's correspondence with Plaintiffs' counsel seeking the identities and citizenships of the LLC plaintiffs' members and the LP plaintiffs' partners is attached as Exhibit D.[1]  As of the filing of this Notice of Removal, Plaintiffs' counsel has provided a portion of the requested information, which is in Plaintiffs' sole possession.  Therefore the recitations of the constituents of the non-corporate Plaintiff entities in this Notice reflects the information provided by Plaintiffs' counsel.

According to Plaintiffs' counsel, Plaintiffs Alberto Lombardi Interests, LLC and Cafe Monaco HPV, LLC each have only one member, Alberto Lombardi, who is a resident[2] of Dallas, Texas.  Therefore, Plaintiffs Alberto Lombardi Interests, LLC and Cafe Monaco HPV, LLC are citizens of Texas for purposes of determining diversity.

According to Plaintiffs' counsel, Plaintiff Taverna Armstrong, L.L.C. has two members, Alberto Lombardi and Vivian Lombardi, who are both residents of Dallas, Texas.  Therefore, Plaintiff Taverna Armstrong, L.L.C. is a citizen of Texas for purposes of determining diversity.

According to Plaintiffs' counsel, Plaintiffs Penne Preston, LLC and Penne Lakewood, LLC each have two members, Alberto Lombardi and Anna Lombardi Daigle, who are both

---

[1] Defendant IINA has redacted the parties' correspondence to protect the specific street addresses of Plaintiffs' constituent members and partners from public dissemination.  IINA will make unredacted copies of the correspondence available to the Court upon its request.

[2] IINA acknowledges that domicile, not residency, is determinative of citizenship for purposes of diversity, but Plaintiffs have only provided Defendant IINA with addresses for certain of the individual members and partners of the Plaintiff LLCs and LPs without confirming whether those addresses are the members' and partners' domiciles.  Defendant IINA intends to include interrogatories confirming the domicile of each of Plaintiffs' constituent members and partners in the jurisdictional discovery that it seeks leave to conduct via this Notice.

residents of Dallas, Texas.  Therefore, Penne Preston, LLC and Penne Lakewood, LLC are citizens of Texas for purposes of determining diversity.

According to Plaintiffs' counsel, the members of Plaintiff Penne Snider, LLC are Alberto Lombardi, Vivian Lombardi, and Sarah Lombardi, each of whom are residents of Dallas, Texas. Therefore, Plaintiff Penne Snider, LLC is a citizen of Texas for purposes of determining diversity.

According to Plaintiffs' counsel, the members of Plaintiff Taverna Austin, L.L.C. are Alberto Lombardi, Bill Hutchinson, Jeff Coleman, Andy Crosland, and Kevin Kerr.  Apart from Mr. Kerr, who is a resident of Wimberley, Texas, the other four members are each residents of Dallas, Texas.  Therefore, Plaintiff Taverna Austin, L.L.C. is a citizen of Texas for purposes of determining diversity.

According to Plaintiffs' counsel, the members of Plaintiff Taverna Ft. Worth, LLC are Bill Hutchinson and Alberto Lombardi Interests, LLC, whose only member is Alberto Lombardi. Both Bill Hutchinson and Alberto Lombardi are residents of Dallas, Texas.  Therefore, Plaintiff Taverna Ft. Worth, LLC is a citizen of Texas for purposes of determining diversity.

According to Plaintiffs' counsel, Plaintiff Toulouse Knox Bistro, LLC has two members, William Hutchinson and Vivian Lombardi, who are both residents of Dallas, Texas.  Therefore, Toulouse Knox Bistro, LLC is a citizen of Texas for purposes of determining diversity.


According to Plaintiffs' counsel, Plaintiffs Toulouse Domain Austin, LP and Taverna Domain Austin, LP have the same two members: Bill Hutchinson and Alberto Lombardi Interests, LLC, whose only member is Alberto Lombardi.  Both Bill Hutchinson and Alberto

Lombardi are residents of Dallas, Texas.  Therefore, Plaintiffs Toulouse Domain Austin, LP and Taverna Domain Austin, LP are both citizens of Texas for purposes of determining diversity.

According to Plaintiffs' counsel, Plaintiff Taverna Buckhead, LP's members are Carter & Joni Santos, Anna Daigle, Laura McDonnel, Sarah & Colin Santos, Austin Carter, Jeremy & Kathleen Moeser, James Paine, and Alberto Lombardi Interests, LLC, the only respective member of which is Alberto Lombardi.  Anna Daigle, Laura McDonnel, Sarah & Colin Santos, and Alberto Lombardi are all residents of Dallas, Texas.   Carter & Joni Santos, Austin Carter, Jeremy & Kathleen Moeser, and James Paine are all residents of the state of Georgia.  Therefore, Plaintiff Taverna Buckhead, LP is a citizen of Texas and Georgia for purposes of determining diversity.

According to Plaintiffs' counsel, Plaintiffs Taverna Legacy, LP and Bistro 31 Legacy, LP share an identical list of two members, namely Alberto Lombardi Interests, LLC and Legacy Dunhill Investors, LLC.  The sole member of Alberto Lombardi Interests, LLC is Alberto Lombardi, who is a resident of Dallas, Texas.  However, Legacy Dunhill Investors, LLC has many constituent members.  The individual members of Legacy Dunhill Investors, LLC are listed below by their respective states of residency:

| | |
|---|---|
| California: | Donny Mehrabi, Jorge & Gloria Fuentes, Pratik Shah, and Shraddhaben Shah |
| Georgia: | William Carter Santos |
| Hawaii: | Mitesh Patel and Smita Patel |
| New Jersey: | Dimpal Parikh |
| South Carolina: | Ila Jayant Amin and Kashmira A. Patel |
| Tennessee: | Minal Amin Patel and Mitesh Patel |
| Texas: | Anderson Crosland, Barbara VanOrder, David S Fogel, Deepak J. Patel, Dirk Taylor, Doug Willmarth, Eric Hansen, Gina Ginsburg, |

John T Pryor, Justin Sparks, Marcial Rendon, Peter Fantl, Robb Rasmussen, Robert Pace, Shelley O'Neal, and William L. Hutchinson

According to Plaintiffs' counsel, Legacy Dunhill Investors, LLC also has a number of members that are unincorporated entities:

Karen Dicky Marital Trust
Prince 2002 Family Trust
RGS Revocable Living Trust
Scott K Ginsburg Revocable Trust
Sue A de Mille Revocable Trust
Daniel Banayan IRA
Isaac Yomtoob SEP IRA
Mitesh Patel IRA
Simon Boostanfar IRA
Smita Equity Trust Company, Custodian FBO Smith Patel SEP IRA 200351390
GS Cameron Family, LP
HEGraves, LLC[3]
Merritt Plus, LLC
Jacob RR Interests, LLC
Primetime Capital LLC
Skytop Investments Partnership LLC

Defendant IINA has sought definitive information from Plaintiffs as to the relevant constituents and citizenships of each of these entities, but Plaintiffs have been unable to provide that detailed information as of the time of this filing, so jurisdictional discovery as to these entities is needed. Based on the information has been provided by Plaintiffs to IINA thus far, Plaintiffs Taverna Legacy, LP and Bistro 31 Legacy, LP are each citizens of California, Georgia, Hawaii, New Jersey, South Carolina, Tennessee, and Texas for purposes of determining diversity.

Finally, according to Plaintiffs' counsel, Plaintiff Café Toulouse River Oaks District, LP has two members: Alberto Lombardi Interests, LLC and River Oaks Dunhill Investors, LLC. The sole member of Alberto Lombardi Interests, LLC is Alberto Lombardi, who is domiciled in Dallas, Texas.  River Oaks Dunhill Investors, LLC has numerous members.  The individual

---

[3] It is unclear from the information provided by Plaintiffs' counsel whether the entity HEGraves, LLC, the individual Harold Graves, or both the entity and the individual are members of Legacy Dunhill Investors, LLC. Clarity on this point will be sought in jurisdictional discovery.

members of River Oaks Dunhill Investors, LLC are listed below by their respective states of residency:

| | |
|---|---|
| Hawaii: | Smita Patel |
| North Carolina: | Suresh A Amin |
| South Carolina: | Mahendra A Amin, Ila J Amin, and Seema M Amin |
| Tennessee: | Miten Patel |
| Texas: | Barbara VanOrder, Joel E Hercik, Jr., Rick G Smith, Anderson Crosland, Deepak J Patel, Dirk Taylor, Peter Fantl, William L Hutchinson, Kandis Hutchinson, Holly L Hutchinson, Rachel Hutchinson, Tess Merriman, Harvey H Mueller, II, Stephen Summers, Colin Santos, and Sarah Santos |

According to Plaintiffs' counsel, River Oaks Dunhill Investors, LLC also has a number of members that are unincorporated entities:

Sue A de Mille Revocable Trust
Isaac Yomtoob SEP IRA
Band Aid Partners
Norlands LP
Bruder C/P Family LP
Mann Energy, LLC
Skytop Investments Partnership LLC
Flycatcher Equity LLC
GWA Interests, LLC
Primetime Capital LLC

Defendant IINA has sought definitive information from Plaintiffs as to the relevant constituents and citizenships of each of these entities, but Plaintiffs have been unable to provide that detailed information as of the time of this filing, so jurisdictional discovery as to these entities is needed. Based on the information has been provided by Plaintiffs to IINA thus far, Plaintiff Café Toulouse River Oaks District, LP is a citizen of Hawaii, North Carolina, South Carolina, Tennessee, and Texas for purposes of determining diversity.

Defendant IINA believes that diversity jurisdiction exists here, because (1) none of the corporate Plaintiffs are citizens of Pennsylvania and (2) Plaintiffs have not identified any member of a plaintiff LLC or any partner of a plaintiff LP that is a citizen of Pennsylvania, which is the only place of citizenship of the sole Defendant, IINA.  As long as no plaintiff entity is a citizen of Pennsylvania, there is complete diversity between the Plaintiffs and the Defendant.

Since Defendant IINA is unable to determine the identity and citizenship of all of the members of the plaintiff LLCs and the partners of the plaintiff LPs from public sources, and since Plaintiffs have been unable to provide complete information on the constituents and citizenships of all Plaintiff entities prior to the filing of this Notice, Defendant IINA requests leave of court to conduct limited jurisdictional discovery in the form of interrogatories asking Plaintiffs to set forth the identity and citizenship of the unincorporated plaintiff entities and any other discovery the court deems necessary in order to confirm that full diversity of citizenship exists.  *See Murchison Capital Partners, L.P. et al. v. Nuance Communications, Inc.*, Civ. No. 3:12-CV-4746-L, 2013 WL 3328694 (N.D. Tex. July 2, 2013) (granting leave to conduct jurisdictional discovery to determine the citizenship of all plaintiffs, where the information was not publicly available to the defendant and "Plaintiffs have refused to engage in voluntary discovery and provide information in its possession and in its control").

**B.    All Procedural Requirements of Removal Have been Met**

**1.    Timely Removal**

This Notice is timely filed pursuant to 28 U.S.C. § 1446(b)(1) as it is being filed within 30 days of Defendant IINA being served, which occurred on April 29, 2020.

**2.      Consent**

Since IINA is the only defendant named in this action, no other defendant need consent to removal pursuant to 28 U.S.C. § 1446(b)(2).

**3.      Proper Venue**

The United States District Court for the Northern District of Texas, Dallas Division, embraces the County of Dallas, where the state court action is now pending.  Therefore, this Court is proper venue for this action pursuant to 28 U.S.C. §§ 124(a)(1) and 1441(a).

**4.      Notice of Filing**

In accordance with 28 U.S.C. § 1446(d), a true and correct copy of Defendant IINA's Notice of Removal will be filed with the District Clerk for the District Court of Dallas County and served on all parties.

**Prayer for Relief**

WHEREFORE, Defendant prays that the action now pending in the 14th Judicial District Court, Dallas County, Texas, as described herein be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Dated:  May 27, 2020

/s/ Daniel McNeel Lane, Jr.
    Daniel McNeel Lane, Jr.
    State Bar No.  00784441
    neel.lane@nortonrosefulbright.com
Frost Tower
111 W. Houston Street, Suite 1800
San Antonio, TX  78205
Telephone:    (210) 224-5575
Facsimile:    (210) 270-7205

ATTORNEYS FOR INDEMNITY INSURANCE
COMPANY OF NORTH AMERICA

## CERTIFICATE OF SERVICE

This pleading, Notice of Removal of Defendant Indemnity Insurance Company of North America, was served in compliance with Rule 5 of the Federal Rules of Civil Procedure by electronic service, on May 27, 2020:

Michael W. Huddleston
Munsch Hardt Kopf & Harr, P.C.
3800 Ross Tower
500 North Akard Street
Dallas, Texas 75201-7584
mhuddleston@munsch.com

/s/ Daniel McNeel Lane, Jr.

Daniel McNeel Lane, Jr.

FILED
4/16/2020 4:53 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Alicia Mata DEPUTY

1 CIT/ESERVE
Case 3:20-cv-01371-G   Document 1   Filed 05/27/20   Page 12 of 113   PageID 12

CAUSE NO: DC-20-05751

| | | |
|---|---|---|
| LOMBARDI'S INC.; LOMBARDI'S FAMILY CONCEPTS, INC.; PENNE SNIDER, LLC; PENNE PRESTON, LLC; ALBERTO LOMBARDI INTERESTS, LLC; TAVERNA DOMAIN AUSTIN, LP; CAFÉ TOULOUSE RIVER OAKS DISTRICT, LP; CAFÉ MONACO HPV, LLC; PENNE LAKEWOOD, LLC; TAVERNA BUCKHEAD, LP; TAVERNA DOMAIN AUSTIN LP; TAVERNA AUSTIN, L.L.C.; TAVERNA FT. WORTH, LLC; TOULOUSE KNOX BISTRO, LLC; TAVERNA ARMSTRONG, L.L.C.; TOULOUSE DOMAIN AUSTIN, LP; BISTRO 31 LEGACY, LP; TAVERNA LEGACY, LP; TAVERNA BUCKHEAD, LP; AND LOMBARDI'S OF DESERT PASSAGE, INC. | § § § § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| PLAINTIFFS, | § § § | |
| V. | § § | DALLAS COUNTY, TEXAS |
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | § § § | |
| DEFENDANT. | § | A-14TH  JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Lombardi's Inc.; Lombardi's Family Concepts, Inc.; Penne

Snider, LLC; Penne Preston, LLC; Alberto Lombardi Interests, LLC; Taverna Domain Austin,

LP; Café Toulouse River Oaks District, LP; Café Monaco HPV, LLC; Penne Lakewood, LLC;

Taverna Buckhead, LP; Taverna Domain Austin LP; Taverna Austin, L.L.C.; Taverna Ft. Worth,

LLC; Toulouse Knox Bistro, LLC; Taverna Armstrong, L.L.C.; Toulouse Domain Austin, LP;

**EXHIBIT A**

Bistro 31 Legacy, LP; Taverna Legacy, LP; Taverna Buckhead, LP; and Lombardi's Of Desert Passage, Inc., (collectively "Lombardi's") complain of Indemnity Insurance Company of North America ("Chubb") Defendant, as follows:

## I.    DISCOVERY CONTROL PLAN

1.     Lombardi's intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

## II.    RULE 47 STATEMENT

2.     Lombardi's seeks monetary relief of more than $1,000,000 in costs, expenses, pre-judgment interest, and attorney fees.

## III.    PARTIES, JURISDICTION & VENUE

3.     The Plaintiffs are:

    a.     Lombardi's Inc., a corporation organized under Texas law and doing business in Dallas County, Texas;

    b.     Lombardi's Family Concepts, Inc., a corporation organized under Texas law and doing business in Dallas County, Texas;

    c.     Penne Snider, LLC; Penne Preston, LLC; Alberto Lombardi Interests, LLC; Taverna Domain Austin, LP; Café Toulouse River Oaks District, LP; Cafe Monaco HPV, LLC; Penne Lakewood, LLC; Taverna Buckhead, LP; Taverna Domain Austin, LP; Taverna Austin, L.L.C.; Taverna Ft. Worth, LLC; Toulouse Knox Bistro, LLC; and Taverna Armstrong, L.L.C. each are limited liability companies organized under Texas law and doing business in Dallas County, Texas;

     d.     Toulouse Domain Austin, LP; Bistro 31 Legacy, LP; Taverna Legacy, LP; and Taverna Buckhead, LP each are limited partnerships organized under Texas law and doing business in Dallas County, Texas; and

     e.     Lombardi's of Desert Passage, Inc. is a foreign corporation organized under Nevada and doing business in Nevada.

4.     Defendant, Indemnity Insurance Company of North America ("Chubb"), is a foreign fire and casualty insurance company domiciled in Pennsylvania and authorized by the Texas Department of Insurance to conduct insurance business in Texas. This suit arises out of insurance business purposefully and continuously conducted with plaintiff in the State of Texas. Chubb may be served with process in this suit by delivering citation to the following serving as its registered agent at the following registered address: CT Corporation System, 1999 Bryan Street, Ste. 990, Dallas, Texas 75201-3136.

5.     Jurisdiction is proper in the District Court of Dallas County, Texas because the amount in controversy is within the jurisdictional limits of this court.

6.     Venue is proper in Dallas County pursuant to Texas Civil Practice and Remedies Code §15.002 because the cause of action arises out of events that occurred in Dallas County and pursuant to Texas Civil Practice and Remedies Code §15.053 because insured properties are situated in Dallas County.

## IV.   FACTUAL BACKGROUND

7.   Chubb[1]  entered into a contract of commercial property insurance with the Lombardi's family of restaurants.[2] Lombardi's agreed to pay significant premiums in exchange for Chubb's promises of indemnify  for losses, including but not limited to, business income losses at several different locations ("the Insured Properties").

8.   The Insured Properties are covered under policy number MCRD38196169, which was renewed for the June 30, 2019, to June 30, 2020, policy period ("the Policy"). Lombardi's fulfilled all of their responsibilities under the insurance contract, dutifully paying hundreds of thousands of dollars in premiums to Chubb over the years.

9.   The Policy has been continuously in full force and effect since inception, providing first-party property, business personal property and business income, extra expense and additional coverages.

10.   Chubb promised under the Policy to pay "for direct physical *loss of* or damage to Covered Property at the premises described in the Declarations caused by or resulting from *any* Covered Cause of Loss."

11.   The Insured Properties covered under the Policy are subject to a Business Income (and Extra Expense) Coverage limit of $18,952,419. The Policy provides "all risks" insurance.

12.   A pneumonia of unknown origin was first reported to the World Health Organization ("WHO") on December 31, 2019. China provided the genetic sequence for what has become known as the 2019 Novel Coronavirus (2019-nCoV) on or about January 12, 2020. The WHO

---

[1] Indemnity Insurance Company is part of the Chubb Group of Companies.  "Chubb N.A. Claims" handled the adjusting on behalf of Indemnity, what little there was, on Lombardi's claim. "Chubb" is stamped in numerous places on the policy. In the April 3, 2020, denial letter, the Chubb N.A. adjuster used "Chubb" as the shorthand or synonymous reference to Indemnity Insurance Company of North America.

[2] The Policy was a commercial package policy including both commercial property and general liability coverage.

recognized on January 25, 2020, that the 2019 Novel Coronavirus is a "global threat to human health . . . ." On January 30, 2020, the Director of WHO declared the 2019 Novel Coronavirus "outbreak a Public Health Emergency of International Concern." The disease caused by the 2019 Novel Coronavirus was identified as "COVID-19" on February 11, 2020. On March 11, WHO characterized COVID-19 as a pandemic. WHO saw "alarming levels of spread and severity, and by the alarming levels of inaction." WHO representatives stated: "Pandemic is not a word to use lightly or carelessly . . . *We have never before seen a pandemic sparked by a coronavirus*. This is the first pandemic caused by a coronavirus. And we have never before seen a pandemic that can be controlled, at the same time." (Emphasis added.) The pandemic spread from China to surrounding countries and then to Italy, Iran, Spain and across the globe.

13.     The Center for Disease Control ("CDC") has stated that a "pandemic is a global outbreak of disease. Pandemics happen when a new virus emerges to infect people and can spread between people sustainably. Because there is little to no pre-existing immunity against the new virus, it spreads worldwide."

14.     On January 31, 2020, President Trump signed the Presidential Proclamation on Suspension of Entry as Immigrants and Nonimmigrants of Persons who Pose a Risk of Transmitting 2019 Novel Coronavirus (the First Proclamation), suspending the entry of all aliens (i.e., non-citizens) who were physically present within the People's Republic of China (excluding the Special Administrative Regions of Hong Kong and Macau) during the 14-day period preceding their attempted entry into the United States. On February 29, 2020, President Trump signed the Presidential Proclamation on the Suspension of Entry as Immigrants and Nonimmigrants of Certain Additional Persons Who Pose a Risk of Transmitting Coronavirus (the Second Proclamation), suspending the entry of all aliens who were physically present within the Islamic Republic of Iran

during the 14-day period preceding their attempted entry into the United States. On March 11, 2020, President Trump signed the Presidential Proclamation on Suspension of Entry as Immigrants and Nonimmigrants of Certain Additional Persons Who Pose a Risk of Transmitting 2019 Novel Coronavirus (the Third Proclamation), resulting in a travel ban and of the entry of all aliens who were physically present in any of the 26 European countries that make up the Schengen Area during the 14-day period preceding their attempted entry into the United States. The Schengen Area included: Austria, Belgium, Czech Republic, Denmark, Estonia, Finland, France, Germany, Greece, Hungary, Iceland, Italy, Latvia, Liechtenstein, Lithuania, Luxembourg, Malta, Netherlands, Norway, Poland, Portugal, Slovakia, Slovenia, Spain, Sweden and Switzerland.

15.     On March 12, 2020, the Mayor of Dallas "declared a local state of disaster" for the City of Dallas resulting "from the COVID-19 Pandemic" and issued an order prohibiting public gatherings of more than 500 people. Texas Government Code Section 418.108 authorizes the Mayor to order the evacuation of all or part of the population from a ***stricken or threatened area*** under the jurisdiction and authority of the Mayor if the Mayor considers the action necessary for the preservation of life or other disaster mitigation, response or recovery. Section 418 further authorizes the Mayor to control ingress to and egress from a disaster area under the jurisdiction and authority of the Mayor and control the movement of persons and the occupancy of premises in that area. Moreover, the Mayor's initial order and all subsequent orders note that Section 14B-7 of the Dallas City Code authorizes the City Manager to "promulgate such regulations as he or she deems necessary ***to protect life and property*** and preserve critical resources" while a state of disaster is in effect. (Emphasis added.)

16.     On March 12, 2020, under authority of Texas Government Code section 108, Dallas County Judge Clay Jenkins issued a DECLARATION OF LOCAL DISASTER FOR PUBLIC HEALTH

EMERGENCY. The Declaration noted that WHO had declared a world-wide pandemic. The Declaration stated that "a local state of disaster for public health emergency is hereby declared for Dallas County, Texas, pursuant to section 418.108(a) of the Texas Government Code." Also on March 12, 2020, Judge Jenkins issued an order stating: "The virus that causes 2019 Coronavirus Disease (COVID-19) is ***easily transmitted*** through person to person contact, especially in group settings, and it is essential that the spread of the virus be slowed to ***protect the ability of public and private health care providers*** to handle the influx of new patients and safeguard public health and safety." (Emphasis added.) Accordingly, community gatherings of more than 500 were prohibited.[3]

17.      On March 14, 2020, President Trump signed the Proclamation on the Suspension of Entry as Immigrants and Nonimmigrants of Certain Additional Persons Who Pose a Risk of Transmitting Coronavirus (the Fourth Proclamation), further suspending the entry of all aliens who were physically present in the United Kingdom (excluding overseas territories outside of Europe) or the Republic of Ireland during the 14-day period preceding their attempted entry into the United States.

18.      Four days later, on March 16, 2020, an Amended Order was issued by the County of Dallas. This order barred public, private or community gatherings of more than fifty. It also provided: "Restaurants with or without drive-in or drive-through services and microbreweries, micro-distilleries, or wineries may only provide take out, delivery, or drive-through services as allowed by law."

---

[3] Similar orders were entered in Georgia and Nevada, the locations of two of the Lombardi's Plaintiffs, declaring emergencies and setting forth orders for how the states were going to respond to the pandemic. These orders also noted the extreme risk, pointing out that there is a correlation between the density of persons gathered and transmission of the virus. The Georgia Order (010) emphasized that "proximity to other persons is currently contraindicated by public health and medical best practices to combat" the spread of COVID-19.

19.     An Amended Order by the City of Dallas was also entered March 16, 2020, prohibiting access and use of any premises operated as dine-in restaurants, but allowing operation only as regulated take-out services. The Amended Dallas City Order further provided that "[t]he owner, manager, or operator of any facility that is likely to be impacted by these regulations shall post a copy of these regulations onsite and visible to users of the facility and provide a copy to any user of the facility asking for a copy."

20.     On March 18, 2020, Dallas County issued another Amended Order. This Order noted: "On March 16, 2020, President Trump acknowledged the gravity of the COVID-19 pandemic, releasing strict new guidelines to limit people's interactions, including that Americans should avoid groups of more than 10 people." The March 18th Amended Dallas County Order prohibited "Public or private Recreational Gatherings and Community Gatherings." It further ordered that "[b]ars, lounges, taverns, private clubs, arcades, and gyms shall close."

21.     On March 20, 2020, Governor Greg Abbott announced that the U.S. Small Business Administration (SBA), at his request, had included the entire state of Texas in its Economic Injury Disaster Declaration. The Governor's request for inclusion in this Declaration was based on economic losses being suffered across Texas Related to major event cancellations, loss of walk-in customers, depletion of stock from suppliers, and client cancellations. "The overriding message of this time in history is that we are all in this together," said Governor Abbott. "From people responsibly remaining at home to protect themselves and their communities to the small businesses adapting to serve them, Texans are showing their willingness to serve the greater good and that's why we'll overcome this together. That's what Texans do. We are not only Texas Strong, we are #TexasBizStrong."

22.     On March 24, 2020, the World Health Organization indicated that the United States had the potential to become the center of the COVID-19 pandemic. Also on March 24, 2020, Dallas County issued is Stay Home Stay Safe Order, requiring those living in Dallas County to shelter at their residence. Only essential businesses were allowed to continue to operate.

23.     On March 29, 2020, Dallas County issued another Amended Order, again recognizing: "[I]t is essential that the spread of the virus be slowed *to protect the ability of public and private health care providers* to handle the influx of new patients and safeguard public health and safety. Because of the *risk of the rapid spread of the virus*, and the need to protect the most vulnerable members of the community, this Order requires all individuals anywhere in Dallas County to shelter in place – that is, stay at home – except for certain essential activities and work to provide essential business and government services or perform essential public infrastructure construction, including housing." (Emphasis added.)

24.     Dallas County issued an Amended Order on April 6, 2020, continuing the extraordinary rules and regulations previously adopted. This Amended Dallas County Order stated:

> WHEREAS, this Emergency Order is necessary because of the *propensity of the virus to spread person to person* and also because the *virus is physically causing property damage* due to its proclivity to attach to surfaces for prolonged periods of time;

> WHEREAS, this Emergency Order is necessary to protect the lives, health, welfare, and safety of the County's residents from the devastating impacts of this pandemic . . . .

The Amended Dallas County Order further provides as to Restaurants:

> Restaurants. Restaurants with or without drive-in or drive-through services and microbreweries, micro-distilleries, or wineries may only provide take out, delivery, or drive-through services as allowed by law. *In-person service is prohibited*. Customers may order and pay inside, but are prohibited from waiting inside the restaurant for their food. *All food must be brought outside to customers*. To allow for increased access to restaurants, this Order hereby suspends all laws and regulations prohibiting people from walking in a drive-through.

(Emphasis added.)

25.     As of April 11, 2020, all 50 states as well as the U.S. Virgin Islands, the Northern Mariana Islands, Washington, D.C., Guam and Puerto Rico have received a federal disaster declaration as a result of the pandemic. American Samoa is the only U.S. territory that is not under a major disaster declaration.

26.     On March 16, 2020, prior to submitting any claim, Lombardi's insurance agent represented to Lombardi's that Chubb had been asked how BI [business interruption] might respond in connection with the restaurant program in which Lombardi's was insured, and the response was that "Chubb [was] having high level discussions and we are awaiting their direction."

27.     Lombardi's provided a notice of a claim under the Policy and other policies in connection with the recent events involving the 2019 Novel Coronavirus pandemic on March 17, 2020. Chubb acknowledged the notice was received on March 18, 2020.

28.     On March 18, 2020, the same day notice was provided, Chubb adjuster Jennifer Dixon informed Lombardi's in a telephone call that Chubb was going by the "black and white" written word in the Policy and that there were ***no physical damages*** to cause the payment of a business interruption claim.  No other basis for this preemptive and pre-textual denial was provided.

29.     On March 19, 2020, the Chubb adjuster informed Lombardi's by telephone that Chubb would be drafting a ***reservation of rights*** letter to send to Lombardi's.  The adjuster said this letter would state the claim was under investigation and was ongoing and that this ***would not be a hard "no."***  She stated the letter would look like a declination letter, and it would outline what parts of Lombardi's policy were under review/investigation and might be used to deny coverage at some point.  She advised that this allowed Chubb to keep the claim open with the opportunity to learn of changes that would allow them to pay the claim.

30.     On March 24, 2020, Lombardi's emailed a letter to Chubb stating:

> We strongly disagree with the approach Chubb has taken to regarding this claim. Just a few hours after it was submitted, you made very clear in a phone conversation … there was no physical damage to . . . property. You stated that Chubb was strictly following the letter of the contract. Then, the next day you said Chubb would be issuing a reservation of rights letter that would look like a declination letter. Clearly, Chubb is denying for now, and the reservation is a tool for Chubb to try and keep the claim open in the event it sees something that might change its mind.

> Your insured is less than twenty-four hours from having to let go of over 700 employees.  We do not have a week or ten days to wait to see what Chubb's position is. You have obviously as a company been working on these issues in anticipation of such claims. You noted all of these letters, being sent to insureds across the country, were a part of a Chubb special review process for these events.

Lombardi's received no acknowledgement or response to this letter.

31.     On April 6, 2020, Chubb finally provided its coverage position letter. It was not a "soft" reservation of rights as promised. It was "hard" denial. The letter contained several blatant misrepresentations:

- "Indemnity Insurance Company of North America ("Chubb") has completed its factual investigation . . . . "

  o Chubb made no request to Lombardi's for documents or information relating to the claim.

  o Chubb denied on the same day the claim was presented and could not have done a proper or thorough investigation.

- "There is no information supporting any direct ***physical loss or damage*** has occurred that caused such orders to be issued."

  o Chubb misstates the terms of the Policy. The Policy actually states: "We will pay for direct physical ***loss _of_*** or damage to Covered Property . . . ." (Emphasis added. The same requirement is stated in the Business Interruption insuring agreement.) Chubb rewrote the policy to try to make it look like ***only*** a physical impact or change to the property was covered and would permit coverage for business income loss. At the very least, Lombardi's suffered a physical loss of the covered property as a result of actions taken to limit the impact of the pandemic on the health care system. Further, Lombardi's clearly suffered a loss of use of

Covered Property because was unable to operate and use the restaurant for in-person dining.

o   This same deliberate and significant omission has been used by Chubb in hundreds of letter notifications regarding its position on coverage provided to policyholders in the State of New York. These coverage position statements were issued by Chubb in response to an order of the New York Department of Financial Services to provide policyholders with detailed information regarding Chubb's position regarding the various types of policies written in that state in connection with the 2019 Novel Coronavirus.

o   Chubb wrongly suggests that "independent adjusters or experts" were retained by it to investigate and adjust the claim when there is no evidence that any investigation was actually undertaken.

o   Chubb states: "[I]t is our understanding that governmental authorities ordered the captioned premises to *reduce occupancy* and subsequently close as a precaution to *prevent the spread of the COVID-19 virus*." (Emphasis added.) The orders prohibited any occupancy for in-person dining. Moreover, Chubb's statement admits the widespread nature of the pandemic and that the threat it presents requires prohibiting the use of the insured property. This is clearly a loss of the property that is caused by a pandemic and the need to protect the health system and the community.

o   Chubb relies alternatively on the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA as a basis for denial even though it was not a stated basis in Chubb's initial denial. Contrary to Chubb's assertion, this is *not* a pandemic exclusion. Chubb ignores the fact that the exclusion states that it applies only where a virus, that is a microorganism, is the fully realized and actual cause of the loss. It does not state that it applies to a loss caused by the need to prevent against the threat of viral transmission.

## V.   CAUSES OF ACTION

**A.   Breach of Contract**

32.   The Plaintiffs incorporate each and every allegation set forth in this Petition as if fully set forth in this section.

33.     Lombardi's has satisfied and performed all applicable terms and conditions of the Policy. Alternatively, Chubb has waived any such term or condition and may not  assert any term or condition in the Policy as a defense to liability thereunder.

34.     The pandemic and health care crisis has  resulted in the Plaintiffs suffering a physical loss of the insured properties, and alternatively damage to the insured properties and suspension of their businesses that are covered under the business income loss (and extra expense) provisions of the Policy. Alternatively, coverage is available under civil authority coverage under the Policy.

35.     The Exclusion of Loss Due to Virus or Bacteria has no application to the Lombardi's claims in light of its plain language. Alternatively, the exclusion is ambiguous and must be construed in the light most favorable to Lombardi's. Contrary to the assertions of Chubb, this exclusion is not a pandemic exclusion.

36.     Chubb is estopped and/or has waived the right to rely on the exclusion as a result of its premature and limited denial of coverage.

37.     Chubb failed to give proper notice and disclosure of the presence of the exclusion and is thus barred from reliance upon it.

38.     On information and belief, Chubb is barred from relying on the exclusion as a result of regulatory and/or administrative estoppel.

39.     Alternatively, the exclusion as interpreted by Chubb is unconscionable and/or contrary to public policy and cannot be enforced as written.

40.     Lombardi's operations remain suspended as a result of the threat presented by the current circumstances.

4853-0333-1258v.4

41.     Chubb has breached the contract by its wrongful denial, causing delay and/or loss of receipt of the policy benefits and additional actual and/or consequential damages.

42.     Chubb is entitled to recovery of attorney's fees incurred in the prosecution of these claims. TEX. CIV. PRAC. & REM CODE §38.001(8).

**B.      Breach of The Duty of Good Faith and Fair Dealing**

43.     The Plaintiffs incorporate each and every allegation set forth in this Petition as if fully set forth in this section.

44.     A special relationship exists and continues to exist between Chubb and the Plaintiffs as a result of the first-party insurance policy issued by Chubb. Inherently unequal bargaining power exists between Lombardi's and Chubb.

45.     Chubb had no reasonable basis for denying or delaying payment of Lombardi's claims and it knew or should have known that it had no reasonable basis for denial. Chubb considered only its own interests, proceeded only according to its one-sided and self-serving interpretation of the Policy, and attempted to conceal from Lombardi's that Chubb in fact made no effort to consider Lombardi's interests. Chubb pre-textually looked only for ways to avoid coverage rather than first trying to find coverage.

46.     Chubb had a duty to investigate the claims fairly and objectively but it clearly failed to make any attempt to do so. Nonetheless, it is deemed to have it is charged with full and complete knowledge of what a reasonable investigation would have revealed, and its actions must be judged accordingly.

47.     Accordingly, Chubb failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim where its liability had become reasonably clear.

48. Chubb's breach of the duty of good faith and fair dealing proximately caused actual and consequential damages to the Plaintiffs.

**C.      Punitive Damages**

49. The Plaintiffs incorporate each and every allegation set forth in this Petition as if fully set forth in this section.

50. Chubb's breach of the duty of good faith was malicious and/or grossly negligent and therefore supports an award of punitive damages. Chubb was directly informed of and had actual knowledge of the grievous damages and extraordinary harm that would be caused by breach of its duty of good faith in the event of a wrongful denial of coverage.

**D.      Violation of Texas Prompt Pay Act**

51. The Plaintiffs incorporate each and every allegation set forth in this Petition as if fully set forth in this section.

52. Chubb has failed to timely and promptly pay as required under TEX. INS. CODE §§ 542.055-542.059.

53. Chubb should be ordered to pay "in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees. Nothing in this subsection prevents the award of prejudgment interest on the amount of the claim, as provided by law." TEX. INS. CODE sec. 542.060(a).

54. The Plaintiffs were forced to retain the services of an attorney and law firm to represent them with respect to their claims against Chubb because of Chubb's wrongful acts or omissions. *Id.* at sec. 542.060(b).

## VI.      JURY TRIAL DEMANDED

55. Plaintiffs demand a jury trial and tenders the appropriate fee with this petition.

## VII.   WRITTEN DISCOVERY REQUESTS

56    Pursuant to Rule 194, Defendant is hereby requested to disclose the information or material described in Rule 194.2 (a)-(1) within fifty (50) days of the service of this request. Additionally, under Texas Rules of Civil Procedure 196, 197, 198 and 193.3 (b), Plaintiffs request that within fifty (50) days of service of this request that Chubb respond to Plaintiffs' First Request for Production and Request for Privilege Log, made a part of this petition as Exhibit "A."

## VIII.   INTENT TO USE DEFENDANT'S DOCUMENTS

57.    In accordance With Texas Rules of Civil Procedure 193.7, any documents produced by Defendant in response to written discovery will be used by Plaintiffs at any pre-trial proceeding or trial.

## IX.   PRAYER

58.    The Plaintiffs pray that Chubb be served with process and appear herein and that, upon final hearing hereof, this Honorable Court enter a judgement for Plaintiffs awarding the following relief:

  a.    Actual and consequential damages for Chubb's breach of contract;

  b.    Actual damages for Chubb's breach of the duty of good faith and fair dealing;

  c.    Punitive damages for Chubb's grossly negligent and/or malicious violations of the duty of good faith and fair dealing;

  d.    An 18% penalty under TEX. INS. CODE section 542.060 et seq.;

  e.    Reasonable and necessary attorney's fees and costs;

  f.    Pre-judgment and post-judgment as allowed by law;

g.      Such other and further relief as is equitable and just, both at law and in equity, as

Plaintiffs may, at the time of trial, show themselves justly entitled.

Respectfully submitted,

*/s/ Michael W. Huddleston*
Michael W. Huddleston
Texas State Bar No. 1048415
Munsch Hardt Kopf & Harr, P.C.
3800 Ross Tower
500 North Akard Street
Dallas, TX 75201-7584
(214) 855-7500 Main Tel.
(214) 855-7584 Facsimile
(214) 855-7572 Direct Tel.
mhuddleston@munsch.com

**ATTORNEY FOR PLAINTIFFS**

**Exhibit A**

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs serve the following requests for Production of Documents on Defendant. Defendant is requested to respond fully, in writing, and in accordance with TRCP 196. The documents requested are to be produced to Plaintiffs' counsel Within fifty (50) days after service of this request. You are further advised that you are under a duty to reasonably supplement your answer. Finally, Plaintiffs demand a privilege log identifying any documents withheld on the basis of privilege and that Defendant identify the privilege relied upon.

NOTE: For each separately numbered request below please delineate each set of documents so that it can be easily ascertained which documents Relate to which numbered request.

**DEFINITIONS**

The following terms have the following meanings, unless the context requires otherwise:

1.  Parties.  "Plaintiffs" mean each and every one of the parties identified in paragraph 3 of the Original Petition filed in this cause. "Defendant" means a party's full or abbreviated name or pronoun referring to the defendant and Chubb's designated claim-handler and/or adjuster, Chubb N.A., and Chubb's agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, and affiliates.

2.  You, Your, and Yours.  "You", "Your", and "Yours" as used herein mean Chubb and its designated agents for handling the claim, Chubb N.A., and Chubb's agents, employees, affiliates, representatives, attorneys, experts, and other persons acting or purporting to act on behalf of Defendant.

3.  Person.  "Person" means any natural person, a business, a legal or governmental entity, or an association.

4.  Document. "Document" means all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is intended for or transmitted internally by you or intended for or transmitted to any other person or entity, including without limitation any governmental agency, department, administrative, or private entity or person.  The term shall include handwritten, type-written, printed, photocopied, photographic or recorded matter.  It shall also include all non-identical copies (whether different from originals by reason of notations made on such copies or otherwise) of all writings; recordings; papers; brochures; circulars; advertisements; letters; memoranda; minutes; notes or records of meetings; reports; comments; affidavits; statements; summaries; messages; worksheets; notes; correspondence; surveys; interviews; diaries; calendars; appointment books; registers; travel records; tables; calculations; books of account; budgets; bookkeeping or accounting records; telephone records; stenographic notes; financial data; receipts; financial statements; annual reports; accountants' work

papers; analyses; forecasts; statistical or other projections; newspaper articles; press releases; publications; tabulations; graphs; charts; maps; telegrams; books; agreements; opinions or reports of experts; records or transcripts of conversations, discussions, conferences, meetings, or interviews, whether in person or by telephone or by any other means; stored information from computers or other information retrieval or storage systems, databases, or media (including printouts of such information); magnetic tapes; belts and discs; electronic mail; electronic or digitized material; microfilm; microfiche; photographs; sound reproductions; all drafts and preliminary copies of any of the foregoing; and all other forms or types of written or printed matter or tangible things on which any words, phrases, or numbers are affixed, however produced or reproduced and wherever located, including all duplicates of any of the foregoing which are in Your possession, custody, or control. It shall include photographs, sound recordings, films, tapes and information stored in or accessed through a computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems, emails or other electronic correspondence, text messages and all other writings, the contents of which Relate to discuss, consider or otherwise refer to the subject matter of the particular discovery requested. "Document" shall also include all electronic data and electronically stored information with software to access such data and information, including but not limited to all electronic files stored on computer disk, diskette, hard drive, flash drive, any electronic storage device or any other computer medium whatsoever.

5.      Electronically stored information. The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

    a.      "Electronic file" includes, but is not limited to, the following: voice-mail messages and files; email messages and files; text messages and files; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and computer-activity logs. Unless otherwise defined, each example to illustrate the term "electronic file" will have the meaning assigned to it by the Sedona Conference Glossary.

    b.      "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage. Unless otherwise defined, each sample used to illustrate the term "electronic information system" will have the meaning assigned to it by the Sedona Conference Glossary.

    c.      "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, or integrated-circuit cards (e.g., SIM cards). Unless otherwise defined, each example used to illustrate the term "electronic storage" will have the meaning assigned to it by the Sedona Conference Glossary.

6.  <u>Tangible thing.</u>  "Tangible thing" means a physical object that is not a document or electronically stored information.

7.  <u>Communication.</u>  "Communication" or "Communications" means any oral or written utterance, notation or statement of any nature whatsoever, exchange by words of thoughts or ideas to another person, whether person-to-person, in a group, in a meeting, by telephone, by letter, by email, text, SMS and MMS messaging, push notifications, in-app messages, RCS, by facsimile, or by any other process, electronic or otherwise, including without limitation any tape recordings or any writings, printed, typed, handwritten or other readable correspondence, facsimiles, memoranda, reports, contracts, diaries, logbooks, minutes, notes, studies, surveys and forecasts, including any electronically-stored information.

8.  <u>Relating/Relate/Related.</u>  "Relating" and/or "Relate" snd/or "related" means containing, concerning, arising out of (whether directly or indirectly), involving, consisting of, referring to, supporting, prepared in connection with, used in preparation for, commenting upon, embodying, summarizing, describing, recording, mentioning, or being in any way legally, logically, or factually connected with or pertaining to, in whole or in part, the matter discussed.

9.  <u>Any.</u>  The term "any" should be understood in either its most or least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10.  <u>And & Or.</u>  The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11.  <u>Number.</u>  The use of the singular form of any word includes the plural and vice versa.

12.  <u>Policy.</u>  "Policy" means Chubb Policy number MCR D38196169 issued to Lombardi's.

13.  <u>Claims.</u>  "Claim" means all claims by Lombardi's for coverage under the Policy.

14.  <u>ISO.</u>  "ISO" means the Insurance Services Office, Inc., its predecessors, and specifically includes, but is not limited to the Insurance Rating Board or "IRB"; the National Bureau of Casualty Underwriters, or "NBCU"; and the Mutual Insurance Rating Bureau, or "MIRB."

## **INSTRUCTIONS**

1.  Where a Document is requested, the request includes Documents in Your possession, custody, or control or in the possession, custody, or control of Your present or former employees, directors, officers, attorneys, representatives, agents, and other Persons under Your control who are reasonably likely to have Documents responsive to the request. Any described Document that is not in your immediate physical or electronic possession, but

with regard to which you have a right to compel production from a third person or which is otherwise subject to your control, shall be obtained and produced as directed.

2.     If you withhold production of any documents based on a claim of privilege, or for any other reason, please identify the documents withheld and state the basis of your privilege claim.

3.     The selection of Documents from files and other sources shall be performed in such a manner as to ensure that the file or other source from which a Document is obtained may be identified.

4.     Documents attached to other Documents or material shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

5.     You are requested to produce electronic and magnetic data responsive to all requests below, whether or not specifically included in the request, and to produce all such data in hard copy form, except for tape or other audio or video recordings, which should be produced in their original format.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**  Claims information, including any and all materials, Documents, notations, files, daily reports or claim logs or diaries, reports, correspondence, drafts of correspondence or other Documents, supervisory or over-files or shadow-files (whether in hard copy or tangible form or electronically stored), and/or Communications Related to Plaintiffs' Claim for coverage, including but not limited to any and all investigative Communications, material or Documents. This request also includes Communications, materials, Documents, notations, files, reports, correspondence and/or other Communications Related to Plaintiffs' Claim for coverage that are maintained by or in the possession of Your agents and employees that may not be part of or contained in an official or formal claims file.

**REQUEST NO. 2:**  Any and all Documents and Communications in any way involving independent adjusters or experts retained by Chubb in connection with the handling or adjustment of the Claim.

**REQUEST NO. 3:**  A complete copy of the Policy, including all amendments and renewals or amendments that have been made at any time to same.

**REQUEST NO. 4:**  Underwriting Documents and Communications, including but not limited to, any and all materials, Documents, notations, files, reports, correspondence and/or other Communications Related to Plaintiffs' application/s for coverage, binders, proposals, and the issuance of the Policy, including all renewals thereof. This request also includes materials, Documents, notations, files, reports, correspondence and/or other Communications Related to the determination and/or method for determining the forms and endorsements to be used in creating the Policy.  This request also includes information regarding the basis for rating and premium classifications used for Lombardi's. Finally, this request includes any internal Communications or

guidelines regarding the handling and/or coverage positions of Chubb regarding business interruption and other claims Related to the 2019 Novel Coronavirus and/or COVID-19.

**REQUEST NO. 5:**  As to each policy provisions that You contend in your denial letter of April 3, 2020,  limits or bars coverage for Plaintiffs for the subject Claim, any and all Documents reflecting drafting history of each provision, including changes in policy language and any and all materials, Documents, notations, files, reports, correspondence and/or other Communications Related to actual or proposed changes in policy language.

**REQUEST NO. 6:**  Any and all Documents, reports, memos, correspondence and/or other documentation or Communications reflecting Your guidelines, procedures, or policies that serve as criteria for evaluating whether claims are implicated, covered, or excluded by any policy provisions that You contend limits or bars coverage for Plaintiffs for the subject Claim. This request is limited to the last five (5) years preceding the filing of this suit.

**REQUEST NO. 7:**  Any and all Documents, reports, memos, correspondence and/or other documentation or Communications reflecting Your guidelines, procedures, or policies that serve as criteria for evaluating whether claims are implicated, covered, or excluded by any policy provisions that You contend limit/s or bar/s coverage for Plaintiffs for the subject Claim. This request is limited to the last five (5) years.

**REQUEST NO. 8:**  Any and all materials, handouts, manuals, outlines, articles, Communications and/or Documents used or relied upon by You in any way to conduct any meetings, webinars, seminars and/or any other form of instruction or formal or informal continuing education for Your employees and/or independent adjusters regarding or pertaining in any way to (a) the adjusting and/or handling of first-party claims under Texas law and/or (b) the handling claims relating to the recent pandemic and/or mentioning the 2019 Novel Coronavirus and/or COVID-19. This request is limited to the last five (5) years preceding the filing of this suit..

**REQUEST NO. 9:**  Any and all Documents, reports, memos, correspondence and/or other documentation or Communications provided to any expert You designate in this litigation.

**REQUEST NO. 10:**  Any and all Documents reflecting the drafting history, intent and/or regulatory submission and approval or disapproval of regarding the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA (CP 01 40 07 06), including changes in policy language and any and all materials, documents, notations, files, reports, correspondence and/or other Communications Related to actual or proposed changes in policy language.

**REQUEST NO. 11:**  Any and all Documents and/or Communications from Chubb or any parent, subsidiary or affiliated entities to any third-party, including but not limited to insurance agents and brokers, marketing and/or public relations firms, at any time after December 15, 2020, and relating in any way to coverage or exclusions or denials of coverage for civil authority or for business interruption or business income loss and/or commercial property coverage mentioning or referencing the 2019 Novel Coronavirus, the pandemic, and/or COVID-19.

**REQUEST NO. 12:**   Any and all Documents and/or Communications with any third-party regarding coverage or exclusions or denials of coverage for commercial property claims, including business interruption and civil authority coverage, mentioning or referencing the 2019 Novel Coronavirus, the pandemic, and/or COVID-19.

 **REQUEST NO. 13:**   Any and all Documents and Communications from or relating to or concerning ISO and the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA (CP 01 40 07 06 and/or CP 01 75 07 06). This request includes Documents and/or Communications relating to the drafting, creation, revision, or analysis of any ISO Insurance Policy forms, terms, or provisions involving the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA (CP 01 40 07 06 and/or CP 01 75 07 06) and/or any other similar provision, definition, exclusion or endorsement.

**REQUEST NO. 14:**   All Documents and Communications, including explanatory memoranda, relating to the filing with or submission to any regulator, insurance department, commission or agency of any State in the United States or in the District of Columbia relating to the approval or consideration by that department, commission, or agency of any ISO Insurance Policy forms, terms, or similar provisions such as or Related to the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA (CP 01 40 07 06 and/or CP 01 75 07 06) and/or any other similar provision, definition, exclusion or endorsement. Communications with ISO in connection with the drafts.

**REQUEST NO. 15:**   Any and all Documents and/or Communications with ISO or any other insurance company or adjusting company relating to (a) the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA (CP 01 40 07 06 and/or CP 01 75 07 06), (b) other endorsements filed to address exclusion of loss due to virus or bacteria and/or any other similar provision, definition, exclusion or endorsement, and/or (c) the ISO Circular dated July 6, 2006, and/or any other Circular of ISO generated document relating to the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA (CP 01 40 07 06 and/or CP 01 75 07 06), new endorsements filed to address exclusion of loss due to virus or bacteria and/or any other similar provision, definition, exclusion or endorsement.

**REQUEST NO. 16:**   Any and all Documents and/or Communications with ISO or anyone else relating to the filing of CF-2006-OVBEF in any ISO jurisdictions and recommendations regarding the filing to the independent bureaus in other jurisdictions.

**REQUEST NO. 17:**   Any and all Documents relating to filing/s . and/or recommendations relating to CF-2006-OVBEF and/or the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA (CP 01 40 07 06 and/or CP 01 75 07 06).

**REQUEST NO. 18:**    Any and all Documents and/or Communications relating to the determination or relationship of ratings and CF-2006-OVBEF and/or the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA (CP 01 40 07 06 and/or CP 01 75 07 06), including any Documents and/or Communications relating to ratings software or the impact on ratings software.

**REQUEST NO. 19:**  Any and all Documents and/or Communications relating to any ISO circular relating to CF-2006-OVBEF and/or the the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA (CP 01 40 07 06 and/or CP 01 75 07 06), including but not limited to any rules

revisions relating to CF-2006-OVBEF and/or the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA (CP 01 40 07 06 and/or CP 01 75 07 06).

**REQUEST NO. 20:**   Any and all materials, handouts, manuals, outlines, articles, Communications  and/or Documents relating to the use of notification forms such as ALL-38009 (02/13) and/or any similar forms.

**REQUEST NO. 21:**   Any materials, handouts, manuals, outlines, articles, Communications and/or Documents regarding when insureds are to be given notice of a particular exclusion being included in a policy.

**REQUEST NO. 22:**   Any and all materials, handouts, manuals, outlines, articles, Communications   and/or Documents relating to requirements of the Texas Department of Insurance that certain exclusions or limitations in a policy be pointed out to policyholders.

**REQUEST NO. 23:**   Any and all materials, handouts, manuals, outlines, articles, Communications   and/or Documents referencing requirements of any insurance regulatory department, commission or authority that certain exclusions or limitations in a policy be pointed out to policyholders, such as the use of ALL-38009 (02/13).

**REQUEST NO. 24:**   Any and all materials, handouts, manuals, outlines, articles, Communications  and/or Documents referencing CF-2006-OVBEF and/or the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA (CP 01 40 07 06 and/or CP 01 75 07 06) and relating to any requirements of any insurance regulatory department, commission or authority that certain exclusions or limitations in a policy be pointed out to policyholders, such as the use of ALL-38009 (02/13) and/or any internal Chubb rules or guidelines regarding such actions or compliance.

**REQUEST NO. 25:**   Any materials, handouts, manuals, outlines, articles, Communications and/or Documents to or from any organization or group of or individual insurance brokers or agents that Relates to any statement of position by Chubb and/or Communication with policyholders in general (as opposed to communicating with a specific policyholder), on the subject of business interruption or business income coverage in light of the pandemic and/or the 2019 Novel Coronavirus and/or COVID-19, prepared or communicated in any manner or fashion since December 15, 2019.

FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-20-05751

LOMBARDI'S, INC. et al

vs. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA

14th District Court

## <u>ENTER DEMAND FOR JURY</u>

JURY FEE PAID BY: PLAINTIFF

FEE PAID: $40

FILED
5/22/2020 12:18 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Loaidi Grove DEPUTY

CAUSE NO. DC-20-05751

| | | |
|---|---|---|
| LOMBARDI'S INC.; LOMBARDI'S FAMILY CONCEPTS, INC.; PENNE SNIDER, LLC; PENNE PRESTON, LLC; ALBERTO LOMBARDI INTERESTS, LLC; TAVERNA DOMAIN AUSTIN, LP; CAFÉ TOULOUSE RIVER OAKS DISTRICT; CAFÉ MONACO HPV, LLC; PENNE LAKEWOOD, LLC; TAVERNA BUCKHEAD, LP; TAVERNA AUSTIN, L.L.C.; TAVERNA FT. WORTH, LLC; TOULOUSE KNOX BISTRO, LLC; TAVERNA ARMSTRONG, L.L.C.; TOULOUSE DOMAIN AUSTIN, LP; BISTRO 31 LEGACY, LP; TAVERNA LEGACY, LP; TAVERNA BUCKHEAD, LP; AND LOMBARDI'S OF DESERT PASSAGE, INC. | § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | § § § § | |
| Defendant. | § | A-14TH JUDICIAL DISTRICT |

**ORIGINAL ANSWER OF DEFENDANT
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA**

DEFENDANT INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (hereinafter "Defendant"), in the above-entitled and numbered cause, files this Original Answer in the above-captioned lawsuit and would show:

**GENERAL DENIAL**

Pursuant to Texas Rule of Civil Procedure 92, Defendant generally denies all of the allegations contained in Plaintiffs' Original Petition, and any amendments and supplements thereto, and requests that this Court require Plaintiffs to prove such allegations by a preponderance

**EXHIBIT B**

of the evidence as required by the Texas Constitution and by the statutes, laws, and Rules of Civil

Procedure of the State of Texas.

## REQUEST FOR DISCLOSURE

Pursuant to Tex. R. Civ. P. 194, Plaintiffs are requested to provide Defendant the

information and documentation set forth in Rule 194 within 60 days of this request.

Dated: May 22, 2020

NORTON ROSE FULBRIGHT US LLP
*/s Daniel McNeel Lane, Jr.*
Daniel McNeel Lane, Jr.
State Bar No.  00784441
neel.lane@nortonrosefulbright.com
Frost Tower
111 W. Houston Street, Suite 1800
San Antonio, TX  78205
Telephone:     (210) 224-5575
Facsimile:     (210) 270-7205

ATTORNEYS FOR INDEMNITY INSURANCE OF
NORTH AMERICA

## CERTIFICATE OF SERVICE

This pleading, Original Answer of Defendant Indemnity Insurance Company of North
America, has been served upon all counsel of record in compliance with Rules 21 and 21a of the
Texas Rules of Civil Procedure on May 22, 2020:

Patrick A. Luff
Robert E. Ammons
The Ammons Law Firm, LLP
3700 Montrose Blvd.
Houston, Texas 77006
rob@ammonslaw.com
Patrick.luff@ammonslaw.com


*/s/ Daniel McNeel Lane, Jr.*

Daniel McNeel Lane, Jr.

## Texas District & County Courts

TX District & County - Dallas (District Only)
(14th District Court)

### DC-20-05751

### LOMBARDI'S, INC. et al vs. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA

This case was retrieved from the court on Friday, May 22, 2020

### Header

Case Number: DC-20-05751
Date Filed: 04/16/2020
Date Full Case Retrieved: 05/22/2020
Status: Open
Misc: (229) INSURANCE; District Civil

[Summary] [Participants] [Proceedings] [Dispositions] [Payments] [Bond Information]

### Summary

Judge: MOYE', ERIC

### Participants

| Litigant | Attorney |
| --- | --- |
| Lombardi's, Inc.<br>Plaintiff | Huddleston, Michael Wallace<br>Retained |
| Lombardi's Family Concepts, Inc.<br>Plaintiff | Huddleston, Michael Wallace<br>Retained |
| Penne Snider, Llc<br>Plaintiff | Huddleston, Michael Wallace<br>Retained |
| Penne Preston, Llc<br>Plaintiff | Huddleston, Michael Wallace<br>Retained |
| Alberto Lombardi Interests, Llc<br>Plaintiff | Huddleston, Michael Wallace<br>Retained |
| Taverna Domain Austin, LP<br>Plaintiff | Huddleston, Michael Wallace<br>Retained |

**EXHIBIT C**

Cafe Toulouse River Oaks District, LP                Huddleston, Michael Wallace
Plaintiff                                            Retained

Cafe Monaco Hpv, Llc                                 Huddleston, Michael Wallace
Plaintiff                                            Retained

Penne Lakewood, Llc                                  Huddleston, Michael Wallace
Plaintiff                                            Retained

Taverna Buckhead, LP                                 Huddleston, Michael Wallace
Plaintiff                                            Retained

Taverna Domain Austin, LP                            Huddleston, Michael Wallace
Plaintiff                                            Retained

Taverna Austin, L.L.C.                               Huddleston, Michael Wallace
Plaintiff                                            Retained

Taverna Ft. Worth, Llc                               Huddleston, Michael Wallace
Plaintiff                                            Retained

Toulouse Knox Bistro, Llc                            Huddleston, Michael Wallace
Plaintiff                                            Retained

Taverna Armstrong, L.L.C.                            Huddleston, Michael Wallace
Plaintiff                                            Retained

Toulouse Domain Austin, LP                           Huddleston, Michael Wallace
Plaintiff                                            Retained

Bistro 31 Legacy, LP                                 Huddleston, Michael Wallace
Plaintiff                                            Retained

Taverna Legacy, LP                                   Huddleston, Michael Wallace
Plaintiff                                            Retained

Taverna Buckhead, LP                                 Huddleston, Michael Wallace
Plaintiff                                            Retained

Lombardi's of Desert Passage, Inc.                   Huddleston, Michael Wallace
Plaintiff                                            Retained

Indemnity Insurance Company of North America
Defendant

Case 3:20-cv-01371-G   Document 1   Filed 05/27/20   Page 41 of 113   PageID 41

## Proceedings

| Date | Details |
|------|---------|
| 04/16/2020 | NEW CASE FILED (OCA) - CIVIL |
| 04/16/2020 | ORIGINAL PETITION - ORIGINAL PETITION |
| 04/16/2020 | JURY DEMAND - JURY DEMAND |
| 04/16/2020 | ISSUE CITATION - ISSUE CITATION |
| 04/17/2020 | CITATION Served: 04/29/2020 Anticipated Server: ESERVE Actual Server: PRIVATE PROCESS SERVER Returned: 05/04/2020 Comment: INDEMNITY INSURANCE COMPANY |
| 05/04/2020 | RETURN OF SERVICE - EXECUTED CITATION - INDEMNITY INSURANCE COMPANY OF NORTH AMERICA Comment: EXECUTED CITATION - INDEMNITY INSURANCE COMPANY OF NORTH AMERICA |
| 05/22/2020 | ORIGINAL ANSWER - GENERAL DENIAL - ORIGINAL ANSWER- SUBMITTED TO ADMIN QUEUE |

## Dispositions

**No Information is Available for this case**

## Payments

| Date | Details | Amount |
|------|---------|--------|
| | Lombardi's, Inc. | |
| 04/17/2020 | Transaction Assessment | $365.00 |
| 04/17/2020 | CREDIT CARD - TEXFILE (DC) Receipt # 23863-2020-DCLK LOMBARDI'S, INC. | ($365.00) |

## Bond Information

**No Information is Available for this case**

Copyright © 2020 LexisNexis CourtLink, Inc. All rights reserved.
\*\*\* THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY \*\*\*

# NORTON ROSE FULBRIGHT

May 14, 2020

**Via E-Mail:  mhuddleston@munsch.com**


Michael W. Huddleston, Esq.
Munsch Hardt Kopf & Harr, P.C.
3800 Ross Tower
500 North Akard Street
Dallas, Texas 75201-7584

Norton Rose Fulbright US LLP
Frost Tower
111 W. Houston Street, Suite 1800
San Antonio, Texas  78205
United States

**Neel Lane**
**Partner**
Direct line +1 210 270 7170
neel.lane@nortonrosefulbright.com

Tel +1 210 224 5575
Fax +1 210 270 7205
nortonrosefulbright.com

Re:    Cause No. DC-20-05751; *Lombardi's Inc., et al v. Indemnity Insurance Company of
       North America*, in the A-14th District Court of Dallas County, Texas

Dear Mr. Huddleston:

I hope you and your family are keeping safe and healthy.

We write to seek your cooperation in providing information that is solely in your clients'
possession.  Specifically, we seek to determine whether diversity of citizenship exists in the case
that you filed in the 14th Judicial District Court of Dallas County, Texas, on behalf of your clients,
styled *Lombardi's Inc., et al. v. Indemnity Insurance Company of North America* and docketed as
Cause No. DC-20-05751 ("Case").  In your petition, you alleged that the numerous limited liability
company ("LLC") and limited partnership ("LP") plaintiffs were each organized under Texas law
and doing business in Dallas County (*see* Petition ¶¶ 3(c), 3(d)), but additional information is
necessary to determine whether complete diversity of citizenship exists among the parties.  We
have diligently searched for this information via public sources and have found that it is not publicly
available. Therefore, it appears this information is in your clients' sole possession.

Please provide a complete list of the members of each of the LLC and LP plaintiffs listed below:

Penne Snider, LLC
Penne Preston, LLC
Alberto Lombardi Interests, LLC
Cafe Monaco HPV, LLC
Penne Lakewood, LLC
Taverna Austin, L.L.C.
Taverna Ft. Worth, LLC
Toulouse Knox Bistro, LLC
Taverna Armstrong, L.L.C.
Taverna Domain Austin, LP
Café Toulouse River Oaks District, LP
Taverna Buckhead, LP
Toulouse Domain Austin, LP              **EXHIBIT D (redacted)**
Bistro 31 Legacy, LP
Taverna Legacy, LP

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.                                99915221.1

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose
Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright
Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory
information, are available at nortonrosefulbright.com.

Michael W. Huddleston, Esq.
May 14, 2020
Page 2

NORTON ROSE FULBRIGHT

Taverna Buckhead, LP

We also request that you provide the citizenship information for each member identified, as this information also may not be publicly available.  To that end, for each individual member, please identify the single state of their domicile.  For each corporate member, please identify its state of incorporation and the state of its principal place of business.  Note that if any member of a plaintiff LLC or LP happens to also be an LLC or LP, please provide that LLC or LP's respective membership and the citizenship of its members as well, until all members identified are either individuals or corporations.

Please provide us this information by **May 20, 2020**, so that we may assess whether diversity of citizenship exists in this matter.  Please do not hesitate to let me know if you have any questions regarding our request.

Very truly yours,

Daniel M. Lane, Jr.

DML/sbc

cc: Julie Martin, Esq.

99915221.1

| From: | Huddleston, Mike <mhuddleston@munsch.com> |
|---|---|
| Sent: | Tuesday, May 19, 2020 8:20 PM |
| To: | Lane, Neel |
| Cc: | Martin, Julie; Kasher, Jodye |
| Subject: | Re: Chubb/Lombardi - Correspondence re Citizenship of Plaintiffs |

The client is collecting the information. I believe we should have it soon. I will try to get a more precise eta and report back tomorrow.

Sent from my iPhone

**Michael W. Huddleston**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

Direct: +1.214.855.7572 / [mhuddleston@munsch.com](mailto:mhuddleston@munsch.com) / [munsch.com](http://munsch.com)

**Michael W. Huddleston**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

Direct: +1.214.855.7572 / Mobile: +1.214.542.1926 / [mhuddleston@munsch.com](mailto:mhuddleston@munsch.com) / [munsch.com](http://munsch.com)



Notice: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited. Nothing contained in this message or in any attachment shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

On May 19, 2020, at 7:30 PM, Lane, Neel <neel.lane@nortonrosefulbright.com> wrote:

 Please let me know if you will be able to respond to my letter of last week. Thanks - N.

**Neel Lane** | Partner
Co-Head of Insurance International Business Group – United States
Norton Rose Fulbright US LLP
Frost Tower, 111 W. Houston Street, Suite 1800, San Antonio, Texas  78205, United States
Tel +1 210 270 7170 | Mob +1 210 535 8080
neel.lane@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT**

*Law around the world*
nortonrosefulbright.com

On May 14, 2020, at 4:55 PM, Lane, Neel <neel.lane@nortonrosefulbright.com> wrote:

Please see the attached correspondence. Best wishes – N.

**Neel Lane** | Partner
Co-Head of Insurance International Business Group – United States
Norton Rose Fulbright US LLP
Frost Tower, 111 W. Houston Street, Suite 1800, San Antonio, Texas  78205, United States
Tel +1 210 270 7170 | Mob +1 210 535 8080
neel.lane@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT**

*Law around the world*
nortonrosefulbright.com


<DML Letter to Huddleston dated 14 May 2020.pdf>


**CONFIDENTIALITY NOTICE:** This email, including any attachments, is confidential and may be privileged. If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person. Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.


For information and updates on the coronavirus, visit Munsch Hardt's **COVID-19 Business Resource Page**.

| | |
|---|---|
| **From:** | Lane, Neel |
| **Sent:** | Tuesday, May 19, 2020 7:31 PM |
| **To:** | mhuddleston@munsch.com |
| **Cc:** | Martin, Julie; Kasher, Jodye |
| **Subject:** | Re: Chubb/Lombardi - Correspondence re Citizenship of Plaintiffs |

Please let me know if you will be able to respond to my letter of last week. Thanks - N.

**Neel Lane** | Partner
Co-Head of Insurance International Business Group – United States
Norton Rose Fulbright US LLP
Frost Tower, 111 W. Houston Street, Suite 1800, San Antonio, Texas  78205, United States
Tel +1 210 270 7170 | Mob +1 210 535 8080
neel.lane@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT**

*Law around the world*
nortonrosefulbright.com

On May 14, 2020, at 4:55 PM, Lane, Neel <neel.lane@nortonrosefulbright.com> wrote:

Please see the attached correspondence. Best wishes – N.

**Neel Lane** | Partner
Co-Head of Insurance International Business Group – United States
Norton Rose Fulbright US LLP
Frost Tower, 111 W. Houston Street, Suite 1800, San Antonio, Texas  78205, United States
Tel +1 210 270 7170 | Mob +1 210 535 8080
neel.lane@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT**

*Law around the world*
nortonrosefulbright.com

<DML Letter to Huddleston dated 14 May 2020.pdf>

| | |
|---|---|
| **From:** | Huddleston, Mike <mhuddleston@munsch.com> |
| **Sent:** | Wednesday, May 20, 2020 7:22 PM |
| **To:** | Lane, Neel |
| **Cc:** | Martin, Julie; Kasher, Jodye; Gibson, Stephen |
| **Subject:** | RE: Chubb/Lombardi - Correspondence re Citizenship of Plaintiffs |
| **Attachments:** | Legacy Dunhill Investors LLC.pdf; River Oaks Dunhill Investors.pdf; Spreadsheet.pdf |

Attached is the information requested. As you can see, the ownership interests in Legacy Dunhill and River Oaks Dunhill contain some LLP's and LLC's. We do not have information on their ownership/members. We will be working on getting that additional information tomorrow.

**Michael W. Huddleston**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

Direct: +1.214.855.7572 / mhuddleston@munsch.com / munsch.com

**Michael W. Huddleston**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

Direct: +1.214.855.7572 / Mobile: +1.214.542.1926 / mhuddleston@munsch.com / munsch.com



Notice: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited. Nothing contained in this message or in any attachment shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

**From:** Lane, Neel <neel.lane@nortonrosefulbright.com>
**Sent:** Thursday, May 14, 2020 4:55 PM
**To:** Huddleston, Mike <mhuddleston@munsch.com>
**Cc:** Martin, Julie <julie.martin@nortonrosefulbright.com>; Kasher, Jodye <jodye.kasher@nortonrosefulbright.com>
**Subject:** Chubb/Lombardi - Correspondence re Citizenship of Plaintiffs

Please see the attached correspondence. Best wishes – N.

**Neel Lane** | Partner
Co-Head of Insurance International Business Group – United States
Norton Rose Fulbright US LLP
Frost Tower, 111 W. Houston Street, Suite 1800, San Antonio, Texas  78205, United States
Tel +1 210 270 7170 | Mob +1 210 535 8080
neel.lane@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT**

*Law around the world*
nortonrosefulbright.com

**CONFIDENTIALITY NOTICE:** This email, including any attachments, is confidential and may be privileged. If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person. Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

For information and updates on the coronavirus, visit Munsch Hardt's COVID-19 Business Resource Page.

Legacy Dunhill Investors, LLC

1.       Anderson Crosland
         ████████████
         Dallas TX 75209

2.       Barbara VanOrder
         ████████████
         Alvord TX 76225

3.       David S Fogel
         ████████████
         Dallas TX 75209

4.       Deepak J. Patel
         ████████████████
         Frisco TX 75033

5.       Karen Dickey Marital Trust
         ████████████████
         Plano TX 75093

6.       Dimpal Parikh
         ████████████████
         Ocean Township NJ 07712

7.       Dirk Taylor
         ████████████
         Arlington TX 76012

8.       Donny Mehrabi
         ████████████
         Santa Monica CA 90402

9.       Doug Willmarth
         ████████████
         McKinney TX 75069

10.      Daniel Banayan IRA
         c/o Equity Trust Co. #176987
         ████████████
         Waco TX 76702-2526

11.   Isaac Yomtoob SEP IRA
      c/o Equity Trust Co. #87005
      ██████████████
      Waco TX 76702-2526

12.   Mitesh Patel IRA
      Equity Trust Company, Custodian
      ██████████████
      Westlake OH 44145

13.   Simon Boostanfar IRA
      c/o Equity Trust Co. #177414
      ████████████
      Waco TX 76702-2526

14.   Smita Equity Trust Company, Custodian FBO Smita Patel SEP-IRA 200351390
      ████████████████████████
      Captain Cook HI 96704

15.   Eric Hansen
      ████████████████
      Dallas TX 75214

16.   Gina Ginsburg
      ████████████████████
      Dallas TX 75229

17.   GS Cameron Family, LP
      ████████████████
      Frisco TX 75036

18.   Harold Graves
      HEGraves, LLC
      ███████████████████
      Arlington TX 76016

19.   Ila Jayant Amin
      ████████████████
      Fort Mill SC 29708

20.   Merritt Plus, LLC
      ██████████████████████
      ██████
      Dallas TX 75205

21.   John T Pryor
      Donna M Pryor
      ████████████████
      Frisco TX 75034

22.   Jorge & Gloria Fuentes
      ██████████
      Sylmar CA 91342

23.   Jacobs RR Interests, LLC
      ██████████████
      Dallas TX 75205

24.   Justin Sparks
      ████████████████
      Plano TX 75093

25.   Kashmira A Patel
      █████████████
      Greer SC 29650

26.   Marcial Rendon
      ████████████████
      Dallas TX 75225

27.   Minal Amin Patel
      Miten Patel
      ██████████████
      Brentwood TN 37027

28.   Mitesh Patel
      ████████████████
      Captain Cook HI 96704

29.   Peter Fantl
      ████████████████
      Gunter TX 75058

30.   Pratik Shah
      █████████████
      Escondido CA 92027

31.     Primetime Capital LLC
        █████████████
        Dallas TX 75367-0683

32.     Prince 2002 Family Trust
        Billy Prince, Co-Trustee
        ████████████████
        Plano TX 75093

33.     RGS Revocable Living Trust
        █████████████
        Plano TX 75086-8153

34.     Robb Rasmussen
        ██████████████
        Frisco TX 75033

35.     Robert Pace
        ███████████████████
        Dallas TX 75235

36.     Scott K Ginsburg Revocable Trust
        Scott K Ginsburg, Trustee
        █████████████
        Dallas TX 75205-2802

37.     Shelley O'Neal
        ██████████
        Dallas TX 75220

38.     Shraddhaben Shah
        ███████████████
        Carlsbad CA 92010

39.     Skytop Investments Partnership LLC
        █████████████
        Plano TX 75075

40.     Smita Patel
        ████████████████
        Captain Cook HI 96704

41.   Sue A de Mille Revocable Trust
      Sue de Mille-Minyard Trustee
      ███████████████
      Frisco TX 75034

42.   William Carter Santos
      ███████████████
      Atlanta GA 30305

43.   William L. Hutchinson
      ████████████████████
      Dallas TX 75205

**River Oaks Dunhill Investors, LLC**

1.    Mahendra A Amin
      Ila J Amin
      ███████████████
      Fort Mill SC 29708

2.    Seema M Amin
      ███████████████
      Fort Mill SC 29708

3.    Suresh A Amin
      ███████████████
      Charlotte NC 28277-2400

4.    Isaac Yomtoob SEP IRA
      c/o Equity Trust Company. #87005
      ████████████
      Waco TX 76702-2526

5.    Barbara VanOrder
      ███████████
      Alvord TX 76225

6.    Joel E. Hercik, Jr.
      █████████████████
      McKinney TX 75070

7.    Miten Patel
      ███████████████
      Franklin TN 37067

8.    Mann Energy, LLC
      ███████████████
      Dallas TX 75225

9.    Rick G Smith
      ████████████
      Plano TX 75086-8153

10.   Anderson Crosland
      █████████████
      Dallas TX 75209

11.   Band Aid Partners
      ███████████████
      Dallas TX 75225

12.   Deepak J. Patel
      █████████████████
      Frisco TX 75033

13.  Dirk Taylor
     █████████████
     Arlington TX 76012

14.  Sue A de Mille Revocable Trust
     Sue de Mille-Minyard Trustee
     ████████████urt
     Frisco TX 75034

15.  Peter Fantl
     ███████████████r
     Gunter TX 75058

16.  Smita Patel
     ███████████████████
     Captain Cook HI 96704

17.  Skytop Investments Partnership LLC
     █████████████
     Plano TX 75075

18.  William L. Hutchinson
     ███████████████████
     Dallas TX 75205

19.  Kandis Hutchinson
     ███████████████████
     Dallas TX 75205

20.  Holly L Hutchinson
     ███████████████
     Dallas TX 75205

21.  Rachel Hutchinson
     █████████████
     Houston TX 77098

22.  Tess Merriman
     ████████████████C
     Dallas TX 75219

23.  Flycatcher Equity LLC
     ████████████e
     Dallas TX 75205

24.  GWA Interests, LLC
     ██████████████
     Dallas TX 75225

25.  Harvey H. Mueller, II

███████████████
Fort Worth TX 76132

26.   Norlands LP
      █████████████████████
      Dallas TX 75205

27.   Stephen Summers
      █████████████████████
      Dallas TX 7520

28.   Primetime Capital LLC
      ███████████████
      Dallas TX 75367-0683

29.   Bruder C/P Family LP
      █████████████████
      Dallas TX 75209

30.   Colin Santos
      ████████████████
      Dallas TX 75243

31.   Sarah Santos
      ████████████████
      Dallas TX 75243

| ENTITY NAME | Physical Address | OWNERSHIP | Home Address | Principal Place of Business | State Incorporated |
|---|---|---|---|---|---|
| | | | | | |
| **222 Ocean Drive, LLC** | ██ ███ ██ ███ ████<br>Beach, CA  92651-2102 | Alberto Lombardi | ███  ███ ████ █<br>Dallas, TX  75204 | | |
| | | Bill Hutchinson | ████████ Dallas, TX  75219 | | |
| | | | | | |
| **Alberto   Lombardi Interests, Inc** | █████████<br>█  Dallas, TX  75205 | Alberto Lombardi | ███ ██ ████ █<br>Dallas, TX  75204 | Dallas County, TX | Texas |
| | | | | | |
| **Bistro 31 Legacy, LP** | ████████<br>█  Plano, TX  75024 | Alberto Lombardi Interests, LLC,   wholly owned     by Alberto Lombardi | | Dallas County, TX | Texas |
| | | Legacy Dunhill Investors, LLC | | Dallas County, TX | Texas |
| | | | | | |

| Café Monaco HPV, LLC | ███████ Dallas, TX 75205 | Alberto Lombardi | ███████ Dallas, TX 75204 | | |
|---|---|---|---|---|---|
| | | | | | |
| Cafe Toulouse River Oaks District, LP | ███████ Houston, TX 77027 | Alberto Lombardi Interests, LLC, wholly owned by Alberto Lombardi | | Dallas County, TX | Texas |
| | | River Oaks Dunhill Investors, LLC | | Dallas County, TX | Texas |
| | | | | | |
| Lombardi's of Desert Passage, Inc. | ███████ Las Vegas, NV 89109 | Alberto Lombardi | ███████ Dallas, TX 75204 | | |
| | | | | | |
| Lombardi Family Concepts, Inc. | ███████ Dallas, TX 75205 | Alberto Lombardi | ███████ Dallas, TX 75204 | | |
| | | | | | |
| Lombardi's Inc | ███████ Dallas, TX 75205 | Alberto Lombardi | ███████ r Dallas, TX 75204 | | |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **LomCO, LLC** | ███████ Dallas, TX  75205 | Alberto Lombardi | ███ ███ ███ █ Dallas, TX  75204 | | |
| **Penne Lakewood, LLC** | ███ ███ ███ Dallas, TX  75214 | Alberto Lombardi | ██ ██ ██ █ Dallas, TX  75204 | | |
| | | Anna Lombardi Daigle | ██████ Dallas, TX  75214 | | |
| **Penne Preston, LLC** | ███████ Dallas, TX  75230 | Anna Lombardi Daigle | ██████ Dallas, TX  75214 | | |
| | | Alberto Lombardi | ██ ██ ██ █ Dallas, TX  75204 | | |
| **Penne Snider, LLC** | ██████ Dallas, TX 75205 | Vivian Lombardi | ██ ██ ██ Dr Dallas, TX  75204 | | |
| | | Alberto Lombardi | ██ ██ ██ █ Dallas, TX  75204 | | |
| | | Sarah Lombardi | ██████ Dallas, TX  75243 | | |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Portolani Family, LP** | ████████, TX 75205 | Alberto Lombardi | ████ ████ ████ ██ Dallas, TX 75204 | | |
| | | Jane Lombardi | | | |
| | | | | | |
| **Taverna Armstrong, LLC** | ████████ Dallas, TX 75205 | Vivian Lombardi | ██ ██ ████ █ Dallas, TX 75204 | | |
| | | Alberto Lombardi | ██ ██ ████ █ Dallas, TX 75204 | | |
| | | | | | |
| **Taverna Austin, LLC** | ████████████ 78701 | Alberto Lombardi | ████ ████ ████ █ Dallas, TX 75204 | | |
| | | Bill Hutchinson | ████████ Dallas, TX 75219 | | |
| | | Jeff Coleman | ██ ████ ██ Dallas, TX 75214 | | |
| | | Andy Crosland | ████████ Dallas, TX 75205 | | |
| | | Kevin Kerr | ██ ███ ███ █, Wimberley, TX 78676 | | |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Taverna Buckhead, LP** | ████████ Atlanta, GA  30305 | Alberto Lombardi Interests, LLC,  wholly owned  by Alberto Lombardi | | Dallas County, TX | Texas |
| | | Carter & Joni Santos | ██████ Dr  Macon, GA 31210 | | |
| | | Anna Daigle | ████████ Dallas, TX  75214 | | |
| | | Laura McDonnel | ██████ Dallas, TX 75238 | | |
| | | Sarah & Colin Santos | ███████ Dr Dallas, TX 75243 | | |
| | | Austin Carter | ██████ Macon, GA  31210 | | |
| | | Jeremy   & Kathleen Moeser | ██ ██  ██ Atlanta, GA 30339 | | |
| | | James Paine | ██ ██  ██ Brookhaven, GA 30319 | | |
| | | | | | |
| **Taverna Domain Austin, LP** | ████████ Austin, TX  78758 | Alberto Lombardi Interests, LLC,  wholly owned  by | | Dallas County, TX | Texas |

| | | | | | |
|---|---|---|---|---|---|
| | | Alberto Lombardi | | | |
| | | Bill Hutchinson | ███████████ r  Dallas, TX  75219 | | |
| | | | | | |
| **Taverna Ft. Worth, LLC** | ████ ████████ Fort Worth, TX  76102 | Alberto Lombardi | ████ ████ ████ ██  Dallas, TX  75204 | | |
| | | Bill Hutchinson | ████████████ Dallas, TX  75219 | | |
| | | Jeff Coleman | ████ ████ ██  Dallas, TX  75214 | | |
| | | | | | |
| **Taverna Legacy, LP** | ████████ Plano, TX  75024 | Alberto Lombardi Interests, LLC,   wholly owned by Alberto Lombardi | | Dallas County, TX | Texas |
| | | Legacy Dunhill Investors, LLC | | Dallas County, TX | Texas |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Toulouse Domain Austin, LP** | ██████████ Austin, TX 78758 | Alberto Lombardi Interests, LLC, wholly owned by Alberto Lombardi | | Dallas County, TX | Texas |
| | | Bill Hutchinson | ████████ Dallas, TX 75219 | | |
| | | | | | |
| **Toulouse Knox Bistro, LLC** | ████████ Dallas, TX 75205 | Vivian Lombardi | ███ ███ █ Dallas, TX 75204 | | |
| | | William Hutchinson | ████████ Dallas, TX 75219 | | |
| | | | | | |
| **Toulouse Legacy, LP** | ██████ Plano, TX 75024 | Alberto Lombardi Interests, LLC, wholly owned by Alberto Lombardi | | Dallas County, TX | Texas |
| | | Legacy Dunhill Investors, LLC | | Dallas County, TX | Texas |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

|  |  |  |  |  |  |
|--|--|--|--|--|--|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

| | |
|---|---|
| **From:** | Huddleston, Mike <mhuddleston@munsch.com> |
| **Sent:** | Wednesday, May 20, 2020 1:54 PM |
| **To:** | Lane, Neel |
| **Cc:** | Martin, Julie; Kasher, Jodye |
| **Subject:** | RE: Chubb/Lombardi - Correspondence re Citizenship of Plaintiffs |

I have received the initial information on your request. I have asked additional questions about two LLC's, and I am awaiting a response. I should be able to forward a spreadsheet by the end of the day.

**Michael W. Huddleston**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

Direct: +1.214.855.7572 / mhuddleston@munsch.com / munsch.com

**Michael W. Huddleston**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

Direct: +1.214.855.7572 / Mobile: +1.214.542.1926 / mhuddleston@munsch.com / munsch.com



Notice: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited. Nothing contained in this message or in any attachment shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

---

**From:** Lane, Neel <neel.lane@nortonrosefulbright.com>
**Sent:** Tuesday, May 19, 2020 7:31 PM
**To:** Huddleston, Mike <mhuddleston@munsch.com>
**Cc:** Martin, Julie <julie.martin@nortonrosefulbright.com>; Kasher, Jodye <jodye.kasher@nortonrosefulbright.com>
**Subject:** Re: Chubb/Lombardi - Correspondence re Citizenship of Plaintiffs

Please let me know if you will be able to respond to my letter of last week. Thanks - N.

**Neel Lane** | Partner
Co-Head of Insurance International Business Group – United States
Norton Rose Fulbright US LLP
Frost Tower, 111 W. Houston Street, Suite 1800, San Antonio, Texas  78205, United States
Tel +1 210 270 7170 | Mob +1 210 535 8080
neel.lane@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT**

*Law around the world*
nortonrosefulbright.com

On May 14, 2020, at 4:55 PM, Lane, Neel <neel.lane@nortonrosefulbright.com> wrote:

Please see the attached correspondence. Best wishes – N.

**Neel Lane** | Partner
Co-Head of Insurance International Business Group – United States
Norton Rose Fulbright US LLP
Frost Tower, 111 W. Houston Street, Suite 1800, San Antonio, Texas  78205, United States
Tel +1 210 270 7170 | Mob +1 210 535 8080
neel.lane@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT**

*Law around the world*
nortonrosefulbright.com

&lt;DML Letter to Huddleston dated 14 May 2020.pdf&gt;

**CONFIDENTIALITY NOTICE:** This email, including any attachments, is confidential and may be privileged. If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person. Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

For information and updates on the coronavirus, visit Munsch Hardt's **COVID-19 Business Resource Page**.

| | |
|---|---|
| **From:** | Martin, Julie |
| **Sent:** | Wednesday, May 20, 2020 11:06 PM |
| **To:** | Huddleston, Mike; Lane, Neel |
| **Cc:** | Kasher, Jodye; Gibson, Stephen |
| **Subject:** | RE: Chubb/Lombardi - Correspondence re Citizenship of Plaintiffs |

Hi Michael,

Thank you again for pulling together this information and for following up tomorrow to provide the additional information that is needed regarding the LLC members that are organizations themselves.

One of the members of Legacy Dunhill Investors, LLC is listed on the document you sent as Harold Graves, HEGraves, LLC.  It is unclear whether both this individual and the LLC are members of Legacy Dunhill Investors, LLC, or whether only one of them is.  Will you please clarify and provide the relevant diversity citizenship information for whichever is the true member(s)?

In addition to the LLCs and LPs (listed below for ease of reference) that are members of Legacy Dunhill Investors, LLC and/or River Oaks Dunhill Investors, LLC and for which we need more member/partner identity and citizenship information, we note that there are also a number of members that are trusts or IRAs.  For the trust and IRA members (also listed below for your convenience), please identify the trustee(s), beneficiary(ies), and the diversity citizenship information for the trustee(s) and beneficiary(ies).

Trusts:
Karen Dicky Marital Trust
Prince 2002 Family Trust
RGS Revocable Living Trust
Scott K Ginsburg Revocable Trust
Sue A de Mille Revocable Trust

IRAs:
Daniel Banayan IRA
Isaac Yomtoob SEP IRA
Mitesh Patel IRA
Simon Boostanfar IRA
Smita Equity Trust Company, Custodian FBO Smith Patel SEP IRA 200351390

LPs:
GS Cameron Family, LP
Band Aid Partners
Norlands LP
Bruder C/P Family LP

LLCs:
Merritt Plus, LLC
Jacob RR Interests, LLC
Primetime Capital LLC
Skytop Investments Partnership LLC
Mann Energy, LLC
Flycatcher Equity LLC
GWA Interests, LLC

Thank you,
Julie

**Julie Martin** | Counsel
Norton Rose Fulbright US LLP
98 San Jacinto Boulevard, Suite 1100, Austin, Texas  78701-4255, United States
Tel +1 512 536 2493 | Fax +1 512 536 4598
julie.martin@nortonrosefulbright.com

## NORTON ROSE FULBRIGHT

*Law around the world*
nortonrosefulbright.com

**From:** Huddleston, Mike [mailto:mhuddleston@munsch.com]
**Sent:** Wednesday, May 20, 2020 7:22 PM
**To:** Lane, Neel <neel.lane@nortonrosefulbright.com>
**Cc:** Martin, Julie <julie.martin@nortonrosefulbright.com>; Kasher, Jodye <jodye.kasher@nortonrosefulbright.com>; Gibson, Stephen <sgibson@munsch.com>
**Subject:** RE: Chubb/Lombardi - Correspondence re Citizenship of Plaintiffs

Attached is the information requested. As you can see, the ownership interests in Legacy Dunhill and River Oaks Dunhill contain some LLP's and LLC's. We do not have information on their ownership/members. We will be working on getting that additional information tomorrow.

**Michael W. Huddleston**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

Direct: +1.214.855.7572 / mhuddleston@munsch.com / munsch.com

**Michael W. Huddleston**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

Direct: +1.214.855.7572 / Mobile: +1.214.542.1926 / mhuddleston@munsch.com / munsch.com



Notice: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited. Nothing contained in this message or in any attachment shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

**From:** Lane, Neel <neel.lane@nortonrosefulbright.com>
**Sent:** Thursday, May 14, 2020 4:55 PM
**To:** Huddleston, Mike <mhuddleston@munsch.com>
**Cc:** Martin, Julie <julie.martin@nortonrosefulbright.com>; Kasher, Jodye <jodye.kasher@nortonrosefulbright.com>
**Subject:** Chubb/Lombardi - Correspondence re Citizenship of Plaintiffs

Please see the attached correspondence. Best wishes – N.

**Neel Lane** | Partner
Co-Head of Insurance International Business Group – United States
Norton Rose Fulbright US LLP
Frost Tower, 111 W. Houston Street, Suite 1800, San Antonio, Texas  78205, United States
Tel +1 210 270 7170 | Mob +1 210 535 8080
neel.lane@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT**

*Law around the world*
nortonrosefulbright.com

**CONFIDENTIALITY NOTICE:** This email, including any attachments, is confidential and may be privileged. If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person. Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

For information and updates on the coronavirus, visit Munsch Hardt's COVID-19 Business Resource Page.

| | |
|---|---|
| **From:** | Martin, Julie |
| **Sent:** | Wednesday, May 20, 2020 8:27 PM |
| **To:** | Huddleston, Mike; Lane, Neel |
| **Cc:** | Kasher, Jodye; Gibson, Stephen |
| **Subject:** | RE: Chubb/Lombardi - Correspondence re Citizenship of Plaintiffs |

Hi Michael,

Thanks for getting us this information.  We will watch for the remaining member LLC/LP info tomorrow.

To be certain, when you provide a home address for the individual members, does that address reflect their state of domicile?

Thanks,
Julie


**Julie Martin** | Counsel
Norton Rose Fulbright US LLP
98 San Jacinto Boulevard, Suite 1100, Austin, Texas  78701-4255, United States
Tel +1 512 536 2493 | Fax +1 512 536 4598
julie.martin@nortonrosefulbright.com

# NORTON ROSE FULBRIGHT

*Law around the world*
nortonrosefulbright.com

**From:** Huddleston, Mike [mailto:mhuddleston@munsch.com]
**Sent:** Wednesday, May 20, 2020 7:22 PM
**To:** Lane, Neel <neel.lane@nortonrosefulbright.com>
**Cc:** Martin, Julie <julie.martin@nortonrosefulbright.com>; Kasher, Jodye <jodye.kasher@nortonrosefulbright.com>; Gibson, Stephen <sgibson@munsch.com>
**Subject:** RE: Chubb/Lombardi - Correspondence re Citizenship of Plaintiffs

Attached is the information requested. As you can see, the ownership interests in Legacy Dunhill and River Oaks Dunhill contain some LLP's and LLC's. We do not have information on their ownership/members. We will be working on getting that additional information tomorrow.

**Michael W. Huddleston**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

Direct: +1.214.855.7572 / mhuddleston@munsch.com / munsch.com

**Michael W. Huddleston**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

Direct: +1.214.855.7572 / Mobile: +1.214.542.1926 / mhuddleston@munsch.com / munsch.com



1

Notice: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited. Nothing contained in this message or in any attachment shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

**From:** Lane, Neel <neel.lane@nortonrosefulbright.com>
**Sent:** Thursday, May 14, 2020 4:55 PM
**To:** Huddleston, Mike <mhuddleston@munsch.com>
**Cc:** Martin, Julie <julie.martin@nortonrosefulbright.com>; Kasher, Jodye <jodye.kasher@nortonrosefulbright.com>
**Subject:** Chubb/Lombardi - Correspondence re Citizenship of Plaintiffs


Please see the attached correspondence. Best wishes – N.

**Neel Lane** | Partner
Co-Head of Insurance International Business Group – United States
Norton Rose Fulbright US LLP
Frost Tower, 111 W. Houston Street, Suite 1800, San Antonio, Texas  78205, United States
Tel +1 210 270 7170 | Mob +1 210 535 8080
neel.lane@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT**

*Law around the world*
nortonrosefulbright.com




**CONFIDENTIALITY NOTICE:** This email, including any attachments, is confidential and may be privileged. If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person. Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.


For information and updates on the coronavirus, visit Munsch Hardt's COVID-19 Business Resource Page.

| | |
|---|---|
| **From:** | Martin, Julie |
| **Sent:** | Thursday, May 21, 2020 12:22 AM |
| **To:** | Huddleston, Mike |
| **Cc:** | Lane, Neel; Kasher, Jodye; Gibson, Stephen |
| **Subject:** | Re: Chubb/Lombardi - Correspondence re Citizenship of Plaintiffs |

Hi Mike,


Though publicly available entity data sources do not provide complete membership information for the plaintiff LLCs and LPs, certain public sources identified a handful of discrepancies against the information in the spreadsheet you provided:


1. The public entity records we found indicated that "Toulouse Taverna GP LLC" is a general partner of several of the plaintiff LPs (Bistro 31 Legacy, LP, Taverna Buckhead, LP, Taverna Domain Austin, LP, Taverna Legacy, LP, and Toulouse Domain Austin, LP), but the spreadsheet you provided did not identify that entity as a partner of those LPs.


2. The public entity records indicated that Alberto Lombardi is a member of plaintiff Toulouse Knox Bistro, LLC, but your spreadsheet did not identify him as a member of that entity.


Will you please confirm whether the information above that we found in our public record searches is correct or incorrect?


Thank you,

Julie


**Julie Martin** | Counsel
Norton Rose Fulbright US LLP
98 San Jacinto Boulevard, Suite 1100, Austin, Texas  78701-4255, United States
Tel +1 512 536 2493 | Fax +1 512 536 4598
julie.martin@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT**

*Law around the world*
nortonrosefulbright.com

On May 20, 2020, at 7:22 PM, Huddleston, Mike <mhuddleston@munsch.com> wrote:


Attached is the information requested. As you can see, the ownership interests in Legacy Dunhill and River Oaks Dunhill contain some LLP's and LLC's. We do not have information on their ownership/members. We will be working on getting that additional information tomorrow.

**Michael W. Huddleston**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

Direct: +1.214.855.7572 / mhuddleston@munsch.com / munsch.com

**Michael W. Huddleston**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

Direct: +1.214.855.7572 / Mobile: +1.214.542.1926 / mhuddleston@munsch.com / munsch.com



Notice: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited. Nothing contained in this message or in any attachment shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

**From:** Lane, Neel <neel.lane@nortonrosefulbright.com>
**Sent:** Thursday, May 14, 2020 4:55 PM
**To:** Huddleston, Mike <mhuddleston@munsch.com>
**Cc:** Martin, Julie <julie.martin@nortonrosefulbright.com>; Kasher, Jodye <jodye.kasher@nortonrosefulbright.com>
**Subject:** Chubb/Lombardi - Correspondence re Citizenship of Plaintiffs


Please see the attached correspondence. Best wishes – N.

**Neel Lane** | Partner
Co-Head of Insurance International Business Group – United States
Norton Rose Fulbright US LLP
Frost Tower, 111 W. Houston Street, Suite 1800, San Antonio, Texas  78205, United States
Tel +1 210 270 7170 | Mob +1 210 535 8080
neel.lane@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT**

*Law around the world*
nortonrosefulbright.com


**CONFIDENTIALITY NOTICE:** This email, including any attachments, is confidential and may be privileged. If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person. Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

For information and updates on the coronavirus, visit Munsch Hardt's COVID-19 Business Resource Page.

<Legacy Dunhill Investors LLC.pdf>
<River Oaks Dunhill Investors.pdf>
<Spreadsheet.pdf>

| | |
|---|---|
| **From:** | Huddleston, Mike <mhuddleston@munsch.com> |
| **Sent:** | Friday, May 22, 2020 9:05 AM |
| **To:** | Lane, Neel |
| **Subject:** | Lombardi's |

I am on a conference call. I will call when done. I will have additional and more complete information on the other entities and their membership later today.


**Michael W. Huddleston**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

Direct: +1.214.855.7572 / mhuddleston@munsch.com / munsch.com


**Michael W. Huddleston**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

Direct: +1.214.855.7572 / Mobile: +1.214.542.1926 / mhuddleston@munsch.com / munsch.com




For information and updates on the coronavirus, visit Munsch Hardt's **COVID-19 Business Resource Page**.


Notice: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited. Nothing contained in this message or in any attachment shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Case 3:20-cv-01371-G   Document 1   Filed 05/27/20   Page 77 of 113   PageID 77

## Texas District & County Courts

TX District & County - Dallas (District Only)
(14th District Court)

### DC-20-05751

### LOMBARDI'S, INC. et al vs. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA

**This case was retrieved from the court on Friday, May 22, 2020**

### Header

Case Number: DC-20-05751
Date Filed: 04/16/2020
Date Full Case Retrieved: 05/22/2020
Status: Open
Misc: (229) INSURANCE; District Civil

[Summary] [Participants] [Proceedings] [Dispositions] [Payments] [Bond Information]

### Summary

Judge: MOYE', ERIC

### Participants

| Litigant | Attorney |
| --- | --- |
| Lombardi's, Inc.<br>Plaintiff | Huddleston, Michael Wallace<br>Retained |
| Lombardi's Family Concepts, Inc.<br>Plaintiff | Huddleston, Michael Wallace<br>Retained |
| Penne Snider, Llc<br>Plaintiff | Huddleston, Michael Wallace<br>Retained |
| Penne Preston, Llc<br>Plaintiff | Huddleston, Michael Wallace<br>Retained |
| Alberto Lombardi Interests, Llc<br>Plaintiff | Huddleston, Michael Wallace<br>Retained |
| Taverna Domain Austin, LP<br>Plaintiff | Huddleston, Michael Wallace<br>Retained |

**EXHIBIT C**

Cafe Toulouse River Oaks District, LP
Plaintiff

Huddleston, Michael Wallace
Retained

Cafe Monaco Hpv, Llc
Plaintiff

Huddleston, Michael Wallace
Retained

Penne Lakewood, Llc
Plaintiff

Huddleston, Michael Wallace
Retained

Taverna Buckhead, LP
Plaintiff

Huddleston, Michael Wallace
Retained

Taverna Domain Austin, LP
Plaintiff

Huddleston, Michael Wallace
Retained

Taverna Austin, L.L.C.
Plaintiff

Huddleston, Michael Wallace
Retained

Taverna Ft. Worth, Llc
Plaintiff

Huddleston, Michael Wallace
Retained

Toulouse Knox Bistro, Llc
Plaintiff

Huddleston, Michael Wallace
Retained

Taverna Armstrong, L.L.C.
Plaintiff

Huddleston, Michael Wallace
Retained

Toulouse Domain Austin, LP
Plaintiff

Huddleston, Michael Wallace
Retained

Bistro 31 Legacy, LP
Plaintiff

Huddleston, Michael Wallace
Retained

Taverna Legacy, LP
Plaintiff

Huddleston, Michael Wallace
Retained

Taverna Buckhead, LP
Plaintiff

Huddleston, Michael Wallace
Retained

Lombardi's of Desert Passage, Inc.
Plaintiff

Huddleston, Michael Wallace
Retained

Indemnity Insurance Company of North America
Defendant

## Proceedings

| Date | Details |
| --- | --- |
| 04/16/2020 | NEW CASE FILED (OCA) - CIVIL |
| 04/16/2020 | ORIGINAL PETITION - ORIGINAL PETITION |
| 04/16/2020 | JURY DEMAND - JURY DEMAND |
| 04/16/2020 | ISSUE CITATION - ISSUE CITATION |
| 04/17/2020 | CITATION Served: 04/29/2020 Anticipated Server: ESERVE Actual Server: PRIVATE PROCESS SERVER Returned: 05/04/2020 Comment: INDEMNITY INSURANCE COMPANY |
| 05/04/2020 | RETURN OF SERVICE - EXECUTED CITATION - INDEMNITY INSURANCE COMPANY OF NORTH AMERICA Comment: EXECUTED CITATION - INDEMNITY INSURANCE COMPANY OF NORTH AMERICA |
| 05/22/2020 | ORIGINAL ANSWER - GENERAL DENIAL - ORIGINAL ANSWER- SUBMITTED TO ADMIN QUEUE |

## Dispositions

**No Information is Available for this case**

## Payments

| Date | Details | Amount |
| --- | --- | --- |
| | Lombardi's, Inc. | |
| 04/17/2020 | Transaction Assessment | $365.00 |
| 04/17/2020 | CREDIT CARD - TEXFILE (DC) Receipt # 23863-2020-DCLK LOMBARDI'S, INC. | ($365.00) |

## Bond Information

**No Information is Available for this case**

Copyright © 2020 LexisNexis CourtLink, Inc. All rights reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

FILED
4/16/2020 4:53 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Alicia Mata DEPUTY

CAUSE NO: _____  DC-20-05751

| | | |
|---|---|---|
| LOMBARDI'S INC.; LOMBARDI'S FAMILY CONCEPTS, INC.; PENNE SNIDER, LLC; PENNE PRESTON, LLC; ALBERTO LOMBARDI INTERESTS, LLC; TAVERNA DOMAIN AUSTIN, LP; CAFÉ TOULOUSE RIVER OAKS DISTRICT, LP; CAFÉ MONACO HPV, LLC; PENNE LAKEWOOD, LLC; TAVERNA BUCKHEAD, LP; TAVERNA DOMAIN AUSTIN LP; TAVERNA AUSTIN, L.L.C.; TAVERNA FT. WORTH, LLC; TOULOUSE KNOX BISTRO, LLC; TAVERNA ARMSTRONG, L.L.C.; TOULOUSE DOMAIN AUSTIN, LP; BISTRO 31 LEGACY, LP; TAVERNA LEGACY, LP; TAVERNA BUCKHEAD, LP; AND LOMBARDI'S OF DESERT PASSAGE, INC. | § § § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| PLAINTIFFS, | § § § | |
| V. | § § | DALLAS COUNTY, TEXAS |
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | § § § | |
| DEFENDANT. | § | A-14TH  JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Lombardi's Inc.; Lombardi's Family Concepts, Inc.; Penne

Snider, LLC; Penne Preston, LLC; Alberto Lombardi Interests, LLC; Taverna Domain Austin,

LP; Café Toulouse River Oaks District, LP; Café Monaco HPV, LLC; Penne Lakewood, LLC;

Taverna Buckhead, LP; Taverna Domain Austin LP; Taverna Austin, L.L.C.; Taverna Ft. Worth,

LLC; Toulouse Knox Bistro, LLC; Taverna Armstrong, L.L.C.; Toulouse Domain Austin, LP;

PLAINTIFFS ORIGINAL PETITION                                                              1

Bistro 31 Legacy, LP; Taverna Legacy, LP; Taverna Buckhead, LP; and Lombardi's Of Desert Passage, Inc., (collectively "Lombardi's") complain of Indemnity Insurance Company of North America ("Chubb") Defendant, as follows:

## I.     DISCOVERY CONTROL PLAN

1.     Lombardi's intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

## II.     RULE 47 STATEMENT

2.     Lombardi's seeks monetary relief of more than $1,000,000 in costs, expenses, pre-judgment interest, and attorney fees.

## III.     PARTIES, JURISDICTION & VENUE

3.     The Plaintiffs are:

a.     Lombardi's Inc., a corporation organized under Texas law and doing business in Dallas County, Texas;

b.     Lombardi's Family Concepts, Inc., a corporation organized under Texas law and doing business in Dallas County, Texas;

c.     Penne Snider, LLC; Penne Preston, LLC; Alberto Lombardi Interests, LLC; Taverna Domain Austin, LP; Café Toulouse River Oaks District, LP; Cafe Monaco HPV, LLC; Penne Lakewood, LLC; Taverna Buckhead, LP; Taverna Domain Austin, LP; Taverna Austin, L.L.C.; Taverna Ft. Worth, LLC; Toulouse Knox Bistro, LLC; and Taverna Armstrong, L.L.C. each are limited liability companies organized under Texas law and doing business in Dallas County, Texas;

      d.      Toulouse Domain Austin, LP; Bistro 31 Legacy, LP; Taverna Legacy, LP; and Taverna Buckhead, LP each are limited partnerships organized under Texas law and doing business in Dallas County, Texas; and

      e.      Lombardi's of Desert Passage, Inc. is a foreign corporation organized under Nevada and doing business in Nevada.

4.     Defendant, <u>Indemnity Insurance Company of North America</u> ("Chubb"), is a foreign fire and casualty insurance company domiciled in Pennsylvania and authorized by the Texas Department of Insurance to conduct insurance business in Texas. This suit arises out of insurance business purposefully and continuously conducted with plaintiff in the State of Texas. Chubb may be served with process in this suit by delivering citation to the following serving as its registered agent at the following <u>registered address: CT Corporation System, 1999 Bryan Street, Ste. 990, Dallas, Texas 75201-3136</u>.

5.     Jurisdiction is proper in the District Court of Dallas County, Texas because the amount in controversy is within the jurisdictional limits of this court.

6.     Venue is proper in Dallas County pursuant to Texas Civil Practice and Remedies Code §15.002 because the cause of action arises out of events that occurred in Dallas County and pursuant to Texas Civil Practice and Remedies Code §15.053 because insured properties are situated in Dallas County.

## IV.   FACTUAL BACKGROUND

7.     Chubb[1]  entered into a contract of commercial property insurance with the Lombardi's family of restaurants.[2] Lombardi's agreed to pay significant premiums in exchange for Chubb's promises of indemnify  for losses, including but not limited to, business income losses at several different locations ("the Insured Properties").

8.     The Insured Properties are covered under policy number MCRD38196169, which was renewed for the June 30, 2019, to June 30, 2020, policy period ("the Policy"). Lombardi's fulfilled all of their responsibilities under the insurance contract, dutifully paying hundreds of thousands of dollars in premiums to Chubb over the years.

9.     The Policy has been continuously in full force and effect since inception, providing first-party property, business personal property and business income, extra expense and additional coverages.

10.     Chubb promised under the Policy to pay "for direct physical *loss of* or damage to Covered Property at the premises described in the Declarations caused by or resulting from *any* Covered Cause of Loss."

11.     The Insured Properties covered under the Policy are subject to a Business Income (and Extra Expense) Coverage limit of $18,952,419. The Policy provides "all risks" insurance.

12.     A pneumonia of unknown origin was first reported to the World Health Organization ("WHO") on December 31, 2019. China provided the genetic sequence for what has become known as the 2019 Novel Coronavirus (2019-nCoV) on or about January 12, 2020. The WHO

---

[1] Indemnity Insurance Company is part of the Chubb Group of Companies.  "Chubb N.A. Claims" handled the adjusting on behalf of Indemnity, what little there was, on Lombardi's claim. "Chubb" is stamped in numerous places on the policy. In the April 3, 2020, denial letter, the Chubb N.A. adjuster used "Chubb" as the shorthand or synonymous reference to Indemnity Insurance Company of North America.

[2] The Policy was a commercial package policy including both commercial property and general liability coverage.

recognized on January 25, 2020, that the 2019 Novel Coronavirus is a "global threat to human health . . . ." On January 30, 2020, the Director of WHO declared the 2019 Novel Coronavirus "outbreak a Public Health Emergency of International Concern." The disease caused by the 2019 Novel Coronavirus was identified as "COVID-19" on February 11, 2020. On March 11, WHO characterized COVID-19 as a pandemic. WHO saw "alarming levels of spread and severity, and by the alarming levels of inaction." WHO representatives stated:  "Pandemic is not a word to use lightly or carelessly . . . *We have never before seen a pandemic sparked by a coronavirus*. This is the first pandemic caused by a coronavirus. And we have never before seen a pandemic that can be controlled, at the same time." (Emphasis added.) The pandemic spread from China to surrounding countries and then to Italy, Iran, Spain and across the globe.

13.     The Center for Disease Control ("CDC") has stated that a "pandemic is a global outbreak of disease. Pandemics happen when a new virus emerges to infect people and can spread between people sustainably. Because there is little to no pre-existing immunity against the new virus, it spreads worldwide."

14.     On January 31, 2020, President Trump signed the Presidential Proclamation on Suspension of Entry as Immigrants and Nonimmigrants of Persons who Pose a Risk of Transmitting 2019 Novel Coronavirus (the First Proclamation), suspending the entry of all aliens (i.e., non-citizens) who were physically present within the People's Republic of China (excluding the Special Administrative Regions of Hong Kong and Macau) during the 14-day period preceding their attempted entry into the United States. On February 29, 2020, President Trump signed the Presidential Proclamation on the Suspension of Entry as Immigrants and Nonimmigrants of Certain Additional Persons Who Pose a Risk of Transmitting Coronavirus (the Second Proclamation), suspending the entry of all aliens who were physically present within the Islamic Republic of Iran

during the 14-day period preceding their attempted entry into the United States. On March 11, 2020, President Trump signed the Presidential Proclamation on Suspension of Entry as Immigrants and Nonimmigrants of Certain Additional Persons Who Pose a Risk of Transmitting 2019 Novel Coronavirus (the Third Proclamation), resulting in a travel ban and of the entry of all aliens who were physically present in any of the 26 European countries that make up the Schengen Area during the 14-day period preceding their attempted entry into the United States. The Schengen Area included: Austria, Belgium, Czech Republic, Denmark, Estonia, Finland, France, Germany, Greece, Hungary, Iceland, Italy, Latvia, Liechtenstein, Lithuania, Luxembourg, Malta, Netherlands, Norway, Poland, Portugal, Slovakia, Slovenia, Spain, Sweden and Switzerland.

15.     On March 12, 2020, the Mayor of Dallas "declared a local state of disaster" for the City of Dallas resulting "from the COVID-19 Pandemic" and issued an order prohibiting public gatherings of more than 500 people. Texas Government Code Section 418.108 authorizes the Mayor to order the evacuation of all or part of the population from a *stricken or threatened area* under the jurisdiction and authority of the Mayor if the Mayor considers the action necessary for the preservation of life or other disaster mitigation, response or recovery. Section 418 further authorizes the Mayor to control ingress to and egress from a disaster area under the jurisdiction and authority of the Mayor and control the movement of persons and the occupancy of premises in that area. Moreover, the Mayor's initial order and all subsequent orders note that Section 14B-7 of the Dallas City Code authorizes the City Manager to "promulgate such regulations as he or she deems necessary *to protect life and property* and preserve critical resources" while a state of disaster is in effect. (Emphasis added.)

16.     On March 12, 2020, under authority of Texas Government Code section 108, Dallas County Judge Clay Jenkins issued a DECLARATION OF LOCAL DISASTER FOR PUBLIC HEALTH

EMERGENCY. The Declaration noted that WHO had declared a world-wide pandemic. The Declaration stated that "a local state of disaster for public health emergency is hereby declared for Dallas County, Texas, pursuant to section 418.108(a) of the Texas Government Code." Also on March 12, 2020, Judge Jenkins issued an order stating:  "The virus that causes 2019 Coronavirus Disease (COVID-19) is *easily transmitted* through person to person contact, especially in group settings, and it is essential that the spread of the virus be slowed to *protect the ability of public and private health care providers* to handle the influx of new patients and safeguard public health and safety." (Emphasis added.) Accordingly, community gatherings of more than 500 were prohibited.[3]

17.     On March 14, 2020, President Trump signed the Proclamation on the Suspension of Entry as Immigrants and Nonimmigrants of Certain Additional Persons Who Pose a Risk of Transmitting Coronavirus (the Fourth Proclamation), further suspending the entry of all aliens who were physically present in the United Kingdom (excluding overseas territories outside of Europe) or the Republic of Ireland during the 14-day period preceding their attempted entry into the United States.

18.     Four days later, on March 16, 2020, an Amended Order was issued by the County of Dallas. This order barred public, private or community gatherings of more than fifty. It also provided: "Restaurants with or without drive-in or drive-through services and microbreweries, micro-distilleries, or wineries may only provide take out, delivery, or drive-through services as allowed by law."

---

[3] Similar orders were entered in Georgia and Nevada, the locations of two of the Lombardi's Plaintiffs, declaring emergencies and setting forth orders for how the states were going to respond to the pandemic. These orders also noted the extreme risk, pointing out that there is a correlation between the density of persons gathered and transmission of the virus. The Georgia Order (010) emphasized that "proximity to other persons is currently contraindicated by public health and medical best practices to combat" the spread of COVID-19.

PLAINTIFFS ORIGINAL PETITION                                                                7

19.     An Amended Order by the City of Dallas was also entered March 16, 2020, prohibiting access and use of any premises operated as dine-in restaurants, but allowing operation only as regulated take-out services. The Amended Dallas City Order further provided that "[t]he owner, manager, or operator of any facility that is likely to be impacted by these regulations shall post a copy of these regulations onsite and visible to users of the facility and provide a copy to any user of the facility asking for a copy."

20.     On March 18, 2020, Dallas County issued another Amended Order. This Order noted: "On March 16, 2020, President Trump acknowledged the gravity of the COVID-19 pandemic, releasing strict new guidelines to limit people's interactions, including that Americans should avoid groups of more than 10 people." The March 18th Amended Dallas County Order prohibited "Public or private Recreational Gatherings and Community Gatherings." It further ordered that "[b]ars, lounges, taverns, private clubs, arcades, and gyms shall close."

21.     On March 20, 2020, Governor Greg Abbott announced that the U.S. Small Business Administration (SBA), at his request, had included the entire state of Texas in its Economic Injury Disaster Declaration. The Governor's request for inclusion in this Declaration was based on economic losses being suffered across Texas Related to major event cancellations, loss of walk-in customers, depletion of stock from suppliers, and client cancellations. "The overriding message of this time in history is that we are all in this together," said Governor Abbott. "From people responsibly remaining at home to protect themselves and their communities to the small businesses adapting to serve them, Texans are showing their willingness to serve the greater good and that's why we'll overcome this together. That's what Texans do. We are not only Texas Strong, we are #TexasBizStrong."

22.     On March 24, 2020, the World Health Organization indicated that the United States had the potential to become the center of the COVID-19 pandemic. Also on March 24, 2020, Dallas County issued is Stay Home Stay Safe Order, requiring those living in Dallas County to shelter at their residence. Only essential businesses were allowed to continue to operate.

23.     On March 29, 2020, Dallas County issued another Amended Order, again recognizing: "[I]t is essential that the spread of the virus be slowed *to protect the ability of public and private health care providers* to handle the influx of new patients and safeguard public health and safety. Because of the *risk of the rapid spread of the virus*, and the need to protect the most vulnerable members of the community, this Order requires all individuals anywhere in Dallas County to shelter in place – that is, stay at home – except for certain essential activities and work to provide essential business and government services or perform essential public infrastructure construction, including housing." (Emphasis added.)

24.     Dallas County issued an Amended Order on April 6, 2020, continuing the extraordinary rules and regulations previously adopted. This Amended Dallas County Order stated:

> WHEREAS, this Emergency Order is necessary because of the *propensity of the virus to spread person to person* and also because the *virus is physically causing property damage* due to its proclivity to attach to surfaces for prolonged periods of time;
>
> WHEREAS, this Emergency Order is necessary to protect the lives, health, welfare, and safety of the County's residents from the devastating impacts of this pandemic . . . .

The Amended Dallas County Order further provides as to Restaurants:

> Restaurants. Restaurants with or without drive-in or drive-through services and microbreweries, micro-distilleries, or wineries may only provide take out, delivery, or drive-through services as allowed by law. *In-person service is prohibited*. Customers may order and pay inside, but are prohibited from waiting inside the restaurant for their food. *All food must be brought outside to customers*. To allow for increased access to restaurants, this Order hereby suspends all laws and regulations prohibiting people from walking in a drive-through.

(Emphasis added.)

25.     As of April 11, 2020, all 50 states as well as the U.S. Virgin Islands, the Northern Mariana Islands, Washington, D.C., Guam and Puerto Rico have received a federal disaster declaration as a result of the pandemic. American Samoa is the only U.S. territory that is not under a major disaster declaration.

26.     On March 16, 2020, prior to submitting any claim, Lombardi's insurance agent represented to Lombardi's that Chubb had been asked how BI [business interruption] might respond in connection with the restaurant program in which Lombardi's was insured, and the response was that "Chubb [was] having high level discussions and we are awaiting their direction."

27.     Lombardi's provided a notice of a claim under the Policy and other policies in connection with the recent events involving the 2019 Novel Coronavirus pandemic on March 17, 2020. Chubb acknowledged the notice was received on March 18, 2020.

28.     On March 18, 2020, the same day notice was provided, Chubb adjuster Jennifer Dixon informed Lombardi's in a telephone call that Chubb was going by the "black and white" written word in the Policy and that there were ***no physical damages*** to cause the payment of a business interruption claim.  No other basis for this preemptive and pre-textual denial was provided.

29.     On March 19, 2020, the Chubb adjuster informed Lombardi's by telephone that Chubb would be drafting a ***reservation of rights*** letter to send to Lombardi's.  The adjuster said this letter would state the claim was under investigation and was ongoing and that this ***would not be a hard "no."***  She stated the letter would look like a declination letter, and it would outline what parts of Lombardi's policy were under review/investigation and might be used to deny coverage at some point.  She advised that this allowed Chubb to keep the claim open with the opportunity to learn of changes that would allow them to pay the claim.

30.     On March 24, 2020, Lombardi's emailed a letter to Chubb stating:

> We strongly disagree with the approach Chubb has taken to regarding this claim.
> Just a few hours after it was submitted, you made very clear in a phone conversation
> … there was no physical damage to . . . property. You stated that Chubb was strictly
> following the letter of the contract. Then, the next day you said Chubb would be
> issuing a reservation of rights letter that would look like a declination letter. Clearly,
> Chubb is denying for now, and the reservation is a tool for Chubb to try and keep
> the claim open in the event it sees something that might change its mind.
>
> Your insured is less than twenty-four hours from having to let go of over 700
> employees.  We do not have a week or ten days to wait to see what Chubb's position
> is. You have obviously as a company been working on these issues in anticipation
> of such claims. You noted all of these letters, being sent to insureds across the
> country, were a part of a Chubb special review process for these events.

Lombardi's received no acknowledgement or response to this letter.

31.     On April 6, 2020, Chubb finally provided its coverage position letter. It was not a "soft"

reservation of rights as promised. It was "hard" denial. The letter contained several blatant

misrepresentations:

- "Indemnity Insurance Company of North America ("Chubb") has completed its
  factual investigation . . . . "

    o   Chubb made no request to Lombardi's for documents or information
        relating to the claim.

    o   Chubb denied on the same day the claim was presented and could not
        have done a proper or thorough investigation.

- "There is no information supporting any direct ***physical loss or damage*** has
  occurred that caused such orders to be issued."

    o   Chubb misstates the terms of the Policy. The Policy actually states: "We
        will pay for direct physical ***loss of*** or damage to Covered Property . . . ."
        (Emphasis added. The same requirement is stated in the Business
        Interruption insuring agreement.) Chubb rewrote the policy to try to
        make it look like ***only*** a physical impact or change to the property was
        covered and would permit coverage for business income loss. At the very
        least, Lombardi's suffered a physical loss of the covered property as a
        result of actions taken to limit the impact of the pandemic on the health
        care system. Further, Lombardi's clearly suffered a loss of use of

Covered Property because was unable to operate and use the restaurant for in-person dining.

o   This same deliberate and significant omission has been used by Chubb in hundreds of letter notifications regarding its position on coverage provided to policyholders in the State of New York. These coverage position statements were issued by Chubb in response to an order of the New York Department of Financial Services to provide policyholders with detailed information regarding Chubb's position regarding the various types of policies written in that state in connection with the 2019 Novel Coronavirus.

o   Chubb wrongly suggests that "independent adjusters or experts" were retained by it to investigate and adjust the claim when there is no evidence that any investigation was actually undertaken.

o   Chubb states: "[I]t is our understanding that governmental authorities ordered the captioned premises to *reduce occupancy* and subsequently close as a precaution to *prevent the spread of the COVID-19 virus*." (Emphasis added.) The orders prohibited any occupancy for in-person dining. Moreover, Chubb's statement admits the widespread nature of the pandemic and that the threat it presents requires prohibiting the use of the insured property. This is clearly a loss of the property that is caused by a pandemic and the need to protect the health system and the community.

o   Chubb relies alternatively on the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA as a basis for denial even though it was not a stated basis in Chubb's initial denial. Contrary to Chubb's assertion, this is *not* a pandemic exclusion. Chubb ignores the fact that the exclusion states that it applies only where a virus, that is a microorganism, is the fully realized and actual cause of the loss. It does not state that it applies to a loss caused by the need to prevent against the threat of viral transmission.

## V.   CAUSES OF ACTION

**A.   Breach of Contract**

32.   The Plaintiffs incorporate each and every allegation set forth in this Petition as if fully set forth in this section.

33.     Lombardi's has satisfied and performed all applicable terms and conditions of the Policy. Alternatively, Chubb has waived any such term or condition and may not  assert any term or condition in the Policy as a defense to liability thereunder.

34.     The pandemic and health care crisis has  resulted in the Plaintiffs suffering a physical loss of the insured properties, and alternatively damage to the insured properties and suspension of their businesses that are covered under the business income loss (and extra expense) provisions of the Policy. Alternatively, coverage is available under civil authority coverage under the Policy.

35.     The Exclusion of Loss Due to Virus or Bacteria has no application to the Lombardi's claims in light of its plain language. Alternatively, the exclusion is ambiguous and must be construed in the light most favorable to Lombardi's. Contrary to the assertions of Chubb, this exclusion is not a pandemic exclusion.

36.     Chubb is estopped and/or has waived the right to rely on the exclusion as a result of its premature and limited denial of coverage.

37.     Chubb failed to give proper notice and disclosure of the presence of the exclusion and is thus barred from reliance upon it.

38.     On information and belief, Chubb is barred from relying on the exclusion as a result of regulatory and/or administrative estoppel.

39.     Alternatively, the exclusion as interpreted by Chubb is unconscionable and/or contrary to public policy and cannot be enforced as written.

40.     Lombardi's operations remain suspended as a result of the threat presented by the current circumstances.

41.     Chubb has breached the contract by its wrongful denial, causing delay and/or loss of receipt of the policy benefits and additional actual and/or consequential damages.

42.     Chubb is entitled to recovery of attorney's fees incurred in the prosecution of these claims. TEX. CIV. PRAC. & REM CODE §38.001(8).

**B.      Breach of The Duty of Good Faith and Fair Dealing**

43.     The Plaintiffs incorporate each and every allegation set forth in this Petition as if fully set forth in this section.

44.     A special relationship exists and continues to exist between Chubb and the Plaintiffs as a result of the first-party insurance policy issued by Chubb. Inherently unequal bargaining power exists between Lombardi's and Chubb.

45.     Chubb had no reasonable basis for denying or delaying payment of Lombardi's claims and it knew or should have known that it had no reasonable basis for denial. Chubb considered only its own interests, proceeded only according to its one-sided and self-serving interpretation of the Policy, and attempted to conceal from Lombardi's that Chubb in fact made no effort to consider Lombardi's interests. Chubb pre-textually looked only for ways to avoid coverage rather than first trying to find coverage.

46.     Chubb had a duty to investigate the claims fairly and objectively but it clearly failed to make any attempt to do so. Nonetheless, it is deemed to have it is charged with full and complete knowledge of what a reasonable investigation would have revealed, and its actions must be judged accordingly.

47.     Accordingly, Chubb failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim where its liability had become reasonably clear.

48.     Chubb's breach of the duty of good faith and fair dealing proximately caused actual and consequential damages to the Plaintiffs.

**C.      Punitive Damages**

49.     The Plaintiffs incorporate each and every allegation set forth in this Petition as if fully set forth in this section.

50.     Chubb's breach of the duty of good faith was malicious and/or grossly negligent and therefore supports an award of punitive damages. Chubb was directly informed of and had actual knowledge of the grievous damages and extraordinary harm that would be caused by breach of its duty of good faith in the event of a wrongful denial of coverage.

**D.      Violation of Texas Prompt Pay Act**

51.     The Plaintiffs incorporate each and every allegation set forth in this Petition as if fully set forth in this section.

52.     Chubb has failed to timely and promptly pay as required under TEX. INS. CODE §§ 542.055-542.059.

53.     Chubb should be ordered to pay "in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees. Nothing in this subsection prevents the award of prejudgment interest on the amount of the claim, as provided by law." TEX. INS. CODE sec. 542.060(a).

54.     The Plaintiffs were forced to retain the services of an attorney and law firm to represent them with respect to their claims against Chubb because of Chubb's wrongful acts or omissions. *Id.* at sec. 542.060(b).

## VI.      JURY TRIAL DEMANDED

55.     Plaintiffs demand a jury trial and tenders the appropriate fee with this petition.

## VII.   WRITTEN DISCOVERY REQUESTS

56     Pursuant to Rule 194, Defendant is hereby requested to disclose the information or material described in Rule 194.2 (a)-(1) within fifty (50) days of the service of this request. Additionally, under Texas Rules of Civil Procedure 196, 197, 198 and 193.3 (b), Plaintiffs request that within fifty (50) days of service of this request that Chubb respond to Plaintiffs' First Request for Production and Request for Privilege Log, made a part of this petition as Exhibit "A."

## VIII.   INTENT TO USE DEFENDANT'S DOCUMENTS

57.     In accordance With Texas Rules of Civil Procedure 193.7, any documents produced by Defendant in response to written discovery will be used by Plaintiffs at any pre-trial proceeding or trial.

## IX.     PRAYER

58.     The Plaintiffs pray that Chubb be served with process and appear herein and that, upon final hearing hereof, this Honorable Court enter a judgement for Plaintiffs awarding the following relief:

      a.     Actual and consequential damages for Chubb's breach of contract;

      b.     Actual damages for Chubb's breach of the duty of good faith and fair dealing;

      c.     Punitive damages for Chubb's grossly negligent and/or malicious violations of the duty of good faith and fair dealing;

      d.     An 18% penalty under TEX. INS. CODE section 542.060 et seq.;

      e.     Reasonable and necessary attorney's fees and costs;

      f.     Pre-judgment and post-judgment as allowed by law;

g.   Such other and further relief as is equitable and just, both at law and in equity, as

Plaintiffs may, at the time of trial, show themselves justly entitled.

Respectfully submitted,

*/s/ Michael W. Huddleston*
Michael W. Huddleston
Texas State Bar No. 1048415
Munsch Hardt Kopf & Harr, P.C.
3800 Ross Tower
500 North Akard Street
Dallas, TX 75201-7584
(214) 855-7500 Main Tel.
(214) 855-7584 Facsimile
(214) 855-7572 Direct Tel.
mhuddleston@munsch.com

**ATTORNEY FOR PLAINTIFFS**

**Exhibit A**

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs serve the following requests for Production of Documents on Defendant. Defendant is requested to respond fully, in writing, and in accordance with TRCP 196. The documents requested are to be produced to Plaintiffs' counsel Within fifty (50) days after service of this request. You are further advised that you are under a duty to reasonably supplement your answer. Finally, Plaintiffs demand a privilege log identifying any documents withheld on the basis of privilege and that Defendant identify the privilege relied upon.

NOTE: For each separately numbered request below please delineate each set of documents so that it can be easily ascertained which documents Relate to which numbered request.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1.  <u>Parties.</u>  "Plaintiffs" mean each and every one of the parties identified in paragraph 3 of the Original Petition filed in this cause. "Defendant" means a party's full or abbreviated name or pronoun referring to the defendant and Chubb's designated claim-handler and/or adjuster, Chubb N.A., and Chubb's agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, and affiliates.

2.  <u>You, Your, and Yours.</u>  "You", "Your", and "Yours" as used herein mean Chubb and its designated agents for handling the claim, Chubb N.A., and Chubb's agents, employees, affiliates, representatives, attorneys, experts, and other persons acting or purporting to act on behalf of Defendant.

3.  <u>Person.</u>  "Person" means any natural person, a business, a legal or governmental entity, or an association.

4.  <u>Document.</u> "Document" means all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is intended for or transmitted internally by you or intended for or transmitted to any other person or entity, including without limitation any governmental agency, department, administrative, or private entity or person.  The term shall include handwritten, type-written, printed, photocopied, photographic or recorded matter.  It shall also include all non-identical copies (whether different from originals by reason of notations made on such copies or otherwise) of all writings; recordings; papers; brochures; circulars; advertisements; letters; memoranda; minutes; notes or records of meetings; reports; comments; affidavits; statements; summaries; messages; worksheets; notes; correspondence; surveys; interviews; diaries; calendars; appointment books; registers; travel records; tables; calculations; books of account; budgets; bookkeeping or accounting records; telephone records; stenographic notes; financial data; receipts; financial statements; annual reports; accountants' work

papers; analyses; forecasts; statistical or other projections; newspaper articles; press releases; publications; tabulations; graphs; charts; maps; telegrams; books; agreements; opinions or reports of experts; records or transcripts of conversations, discussions, conferences, meetings, or interviews, whether in person or by telephone or by any other means; stored information from computers or other information retrieval or storage systems, databases, or media (including printouts of such information); magnetic tapes; belts and discs; electronic mail; electronic or digitized material; microfilm; microfiche; photographs; sound reproductions; all drafts and preliminary copies of any of the foregoing; and all other forms or types of written or printed matter or tangible things on which any words, phrases, or numbers are affixed, however produced or reproduced and wherever located, including all duplicates of any of the foregoing which are in Your possession, custody, or control. It shall include photographs, sound recordings, films, tapes and information stored in or accessed through a computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems, emails or other electronic correspondence, text messages and all other writings, the contents of which Relate to discuss, consider or otherwise refer to the subject matter of the particular discovery requested. "Document" shall also include all electronic data and electronically stored information with software to access such data and information, including but not limited to all electronic files stored on computer disk, diskette, hard drive, flash drive, any electronic storage device or any other computer medium whatsoever.

5.    Electronically stored information. The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

a.    "Electronic file" includes, but is not limited to, the following: voice-mail messages and files; email messages and files; text messages and files; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and computer-activity logs. Unless otherwise defined, each example to illustrate the term "electronic file" will have the meaning assigned to it by the Sedona Conference Glossary.

b.    "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage. Unless otherwise defined, each sample used to illustrate the term "electronic information system" will have the meaning assigned to it by the Sedona Conference Glossary.

c.    "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, or integrated-circuit cards (e.g., SIM cards). Unless otherwise defined, each example used to illustrate the term "electronic storage" will have the meaning assigned to it by the Sedona Conference Glossary.

6.     <u>Tangible thing.</u>   "Tangible thing" means a physical object that is not a document or electronically stored information.

7.     <u>Communication.</u>   "Communication" or "Communications" means any oral or written utterance, notation or statement of any nature whatsoever, exchange by words of thoughts or ideas to another person, whether person-to-person, in a group, in a meeting, by telephone, by letter, by email, text, SMS and MMS messaging, push notifications, in-app messages, RCS, by facsimile, or by any other process, electronic or otherwise, including without limitation any tape recordings or any writings, printed, typed, handwritten or other readable correspondence, facsimiles, memoranda, reports, contracts, diaries, logbooks, minutes, notes, studies, surveys and forecasts, including any electronically-stored information.

8.     <u>Relating/Relate/Related.</u>   "Relating" and/or "Relate" snd/or "related" means containing, concerning, arising out of (whether directly or indirectly), involving, consisting of, referring to, supporting, prepared in connection with, used in preparation for, commenting upon, embodying, summarizing, describing, recording, mentioning, or being in any way legally, logically, or factually connected with or pertaining to, in whole or in part, the matter discussed.

9.     <u>Any.</u>   The term "any" should be understood in either its most or least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10.     <u>And & Or.</u>   The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11.     <u>Number.</u>   The use of the singular form of any word includes the plural and vice versa.

12.     <u>Policy.</u>   "Policy" means Chubb Policy number MCR D38196169 issued to Lombardi's.

13.     <u>Claims.</u>   "Claim" means all claims by Lombardi's for coverage under the Policy.

14.     <u>ISO.</u>   "ISO" means the Insurance Services Office, Inc., its predecessors, and specifically includes, but is not limited to the Insurance Rating Board or "IRB"; the National Bureau of Casualty Underwriters, or "NBCU"; and the Mutual Insurance Rating Bureau, or "MIRB."

## <u>INSTRUCTIONS</u>

1.     Where a Document is requested, the request includes Documents in Your possession, custody, or control or in the possession, custody, or control of Your present or former employees, directors, officers, attorneys, representatives, agents, and other Persons under Your control who are reasonably likely to have Documents responsive to the request. Any described Document that is not in your immediate physical or electronic possession, but

with regard to which you have a right to compel production from a third person or which is otherwise subject to your control, shall be obtained and produced as directed.

2.      If you withhold production of any documents based on a claim of privilege, or for any other reason, please identify the documents withheld and state the basis of your privilege claim.

3.      The selection of Documents from files and other sources shall be performed in such a manner as to ensure that the file or other source from which a Document is obtained may be identified.

4.      Documents attached to other Documents or material shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

5.      You are requested to produce electronic and magnetic data responsive to all requests below, whether or not specifically included in the request, and to produce all such data in hard copy form, except for tape or other audio or video recordings, which should be produced in their original format.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**  Claims information, including any and all materials, Documents, notations, files, daily reports or claim logs or diaries, reports, correspondence, drafts of correspondence or other Documents, supervisory or over-files or shadow-files (whether in hard copy or tangible form or electronically stored), and/or Communications Related to Plaintiffs' Claim for coverage, including but not limited to any and all investigative Communications, material or Documents. This request also includes Communications, materials, Documents, notations, files, reports, correspondence and/or other Communications Related to Plaintiffs' Claim for coverage that are maintained by or in the possession of Your agents and employees that may not be part of or contained in an official or formal claims file.

**REQUEST NO. 2:**  Any and all Documents and Communications in any way involving independent adjusters or experts retained by Chubb in connection with the handling or adjustment of the Claim.

**REQUEST NO. 3:**  A complete copy of the Policy, including all amendments and renewals or amendments that have been made at any time to same.

**REQUEST NO. 4:**  Underwriting Documents and Communications, including but not limited to, any and all materials, Documents, notations, files, reports, correspondence and/or other Communications Related to Plaintiffs' application/s for coverage, binders, proposals, and the issuance of the Policy, including all renewals thereof. This request also includes materials, Documents, notations, files, reports, correspondence and/or other Communications Related to the determination and/or method for determining the forms and endorsements to be used in creating the Policy.  This request also includes information regarding the basis for rating and premium classifications used for Lombardi's. Finally, this request includes any internal Communications or

PLAINTIFFS FIRST REQUESTS FOR PRODUCTION                                          21

guidelines regarding the handling and/or coverage positions of Chubb regarding business interruption and other claims Related to the 2019 Novel Coronavirus and/or COVID-19.

**REQUEST NO. 5:**  As to each policy provisions that You contend in your denial letter of April 3, 2020,  limits or bars coverage for Plaintiffs for the subject Claim, any and all Documents reflecting drafting history of each provision, including changes in policy language and any and all materials, Documents, notations, files, reports, correspondence and/or other Communications Related to actual or proposed changes in policy language.

**REQUEST NO. 6:**  Any and all Documents, reports, memos, correspondence and/or other documentation or Communications reflecting Your guidelines, procedures, or policies that serve as criteria for evaluating whether claims are implicated, covered, or excluded by any policy provisions that You contend limits or bars coverage for Plaintiffs for the subject Claim. This request is limited to the last five (5) years preceding the filing of this suit.

**REQUEST NO. 7:**  Any and all Documents, reports, memos, correspondence and/or other documentation or Communications reflecting Your guidelines, procedures, or policies that serve as criteria for evaluating whether claims are implicated, covered, or excluded by any policy provisions that You contend limit/s or bar/s coverage for Plaintiffs for the subject Claim. This request is limited to the last five (5) years.

**REQUEST NO. 8:**  Any and all materials, handouts, manuals, outlines, articles, Communications and/or Documents used or relied upon by You in any way to conduct any meetings, webinars, seminars and/or any other form of instruction or formal or informal continuing education for Your employees and/or independent adjusters regarding or pertaining in any way to (a) the adjusting and/or handling of first-party claims under Texas law and/or (b) the handling claims relating to the recent pandemic and/or mentioning the 2019 Novel Coronavirus and/or COVID-19. This request is limited to the last five (5) years preceding the filing of this suit..

**REQUEST NO. 9:**  Any and all Documents, reports, memos, correspondence and/or other documentation or Communications provided to any expert You designate in this litigation.

**REQUEST NO. 10:**  Any and all Documents reflecting the drafting history, intent and/or regulatory submission and approval or disapproval of regarding the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA (CP 01 40 07 06), including changes in policy language and any and all materials, documents, notations, files, reports, correspondence and/or other Communications Related to actual or proposed changes in policy language.

**REQUEST NO. 11:**  Any and all Documents and/or Communications from Chubb or any parent, subsidiary or affiliated entities to any third-party, including but not limited to insurance agents and brokers, marketing and/or public relations firms, at any time after December 15, 2020, and relating in any way to coverage or exclusions or denials of coverage for civil authority or for business interruption or business income loss and/or commercial property coverage mentioning or referencing the 2019 Novel Coronavirus, the pandemic, and/or COVID-19.

**REQUEST NO. 12:**  Any and all Documents and/or Communications with any third-party regarding coverage or exclusions or denials of coverage for commercial property claims, including business interruption and civil authority coverage, mentioning or referencing the 2019 Novel Coronavirus, the pandemic, and/or COVID-19.

 **REQUEST NO. 13:**  Any and all Documents and Communications from or relating to or concerning ISO and the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA (CP 01 40 07 06 and/or CP 01 75 07 06). This request includes Documents and/or Communications relating to the drafting, creation, revision, or analysis of any ISO Insurance Policy forms, terms, or provisions involving the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA (CP 01 40 07 06 and/or CP 01 75 07 06) and/or any other similar provision, definition, exclusion or endorsement.

**REQUEST NO. 14:**  All Documents and Communications, including explanatory memoranda, relating to the filing with or submission to any regulator, insurance department, commission or agency of any State in the United States or in the District of Columbia relating to the approval or consideration by that department, commission, or agency of any ISO Insurance Policy forms, terms, or similar provisions such as or Related to the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA (CP 01 40 07 06 and/or CP 01 75 07 06) and/or any other similar provision, definition, exclusion or endorsement. Communications with ISO in connection with the drafts.

**REQUEST NO. 15:**  Any and all Documents and/or Communications with ISO or any other insurance company or adjusting company relating to (a) the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA (CP 01 40 07 06 and/or CP 01 75 07 06), (b) other endorsements filed to address exclusion of loss due to virus or bacteria and/or any other similar provision, definition, exclusion or endorsement, and/or (c) the ISO Circular dated July 6, 2006, and/or any other Circular of ISO generated document relating to the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA (CP 01 40 07 06 and/or CP 01 75 07 06), new endorsements filed to address exclusion of loss due to virus or bacteria and/or any other similar provision, definition, exclusion or endorsement.

**REQUEST NO. 16:**  Any and all Documents and/or Communications with ISO or anyone else relating to the filing of CF-2006-OVBEF in any ISO jurisdictions and recommendations regarding the filing to the independent bureaus in other jurisdictions.

**REQUEST NO. 17:**  Any and all Documents relating to filing/s . and/or recommendations relating to CF-2006-OVBEF and/or the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA (CP 01 40 07 06 and/or CP 01 75 07 06).

**REQUEST NO. 18:**  Any and all Documents and/or Communications relating to the determination or relationship of ratings and CF-2006-OVBEF and/or the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA (CP 01 40 07 06 and/or CP 01 75 07 06), including any Documents and/or Communications relating to ratings software or the impact on ratings software.

**REQUEST NO. 19:** Any and all Documents and/or Communications relating to any ISO circular relating to CF-2006-OVBEF and/or the the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA (CP 01 40 07 06 and/or CP 01 75 07 06), including but not limited to any rules

revisions relating to CF-2006-OVBEF and/or the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA (CP 01 40 07 06 and/or CP 01 75 07 06).

**REQUEST NO. 20:**   Any and all materials, handouts, manuals, outlines, articles, Communications and/or Documents relating to the use of notification forms such as ALL-38009 (02/13) and/or any similar forms.

**REQUEST NO. 21:**   Any materials, handouts, manuals, outlines, articles, Communications and/or Documents regarding when insureds are to be given notice of a particular exclusion being included in a policy.

**REQUEST NO. 22:**   Any and all materials, handouts, manuals, outlines, articles, Communications and/or Documents relating to requirements of the Texas Department of Insurance that certain exclusions or limitations in a policy be pointed out to policyholders.

**REQUEST NO. 23:**   Any and all materials, handouts, manuals, outlines, articles, Communications and/or Documents referencing requirements of any insurance regulatory department, commission or authority that certain exclusions or limitations in a policy be pointed out to policyholders, such as the use of ALL-38009 (02/13).

**REQUEST NO. 24:**   Any and all materials, handouts, manuals, outlines, articles, Communications and/or Documents referencing CF-2006-OVBEF and/or the EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA (CP 01 40 07 06 and/or CP 01 75 07 06) and relating to any requirements of any insurance regulatory department, commission or authority that certain exclusions or limitations in a policy be pointed out to policyholders, such as the use of ALL-38009 (02/13) and/or any internal Chubb rules or guidelines regarding such actions or compliance.

**REQUEST NO. 25:**   Any materials, handouts, manuals, outlines, articles, Communications and/or Documents to or from any organization or group of or individual insurance brokers or agents that Relates to any statement of position by Chubb and/or Communication with policyholders in general (as opposed to communicating with a specific policyholder), on the subject of business interruption or business income coverage in light of the pandemic and/or the 2019 Novel Coronavirus and/or COVID-19, prepared or communicated in any manner or fashion since December 15, 2019.

FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-20-05751

LOMBARDI'S, INC. et al

vs. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA

14th District Court

## ENTER DEMAND FOR JURY

JURY FEE PAID BY: PLAINTIFF

FEE PAID: $40

FILED
5/22/2020 12:18 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Loaidi Grove DEPUTY

Case 3:20-cv-01371-G   Document 1   Filed 05/27/20   Page 105 of 113   PageID 105

CAUSE NO. DC-20-05751

| | | |
|---|---|---|
| LOMBARDI'S INC.; LOMBARDI'S FAMILY CONCEPTS, INC.; PENNE SNIDER, LLC; PENNE PRESTON, LLC; ALBERTO LOMBARDI INTERESTS, LLC; TAVERNA DOMAIN AUSTIN, LP; CAFÉ TOULOUSE RIVER OAKS DISTRICT; CAFÉ MONACO HPV, LLC; PENNE LAKEWOOD, LLC; TAVERNA BUCKHEAD, LP; TAVERNA AUSTIN, L.L.C.; TAVERNA FT. WORTH, LLC; TOULOUSE KNOX BISTRO, LLC; TAVERNA ARMSTRONG, L.L.C.; TOULOUSE DOMAIN AUSTIN, LP; BISTRO 31 LEGACY, LP; TAVERNA LEGACY, LP; TAVERNA BUCKHEAD, LP; AND LOMBARDI'S OF DESERT PASSAGE, INC. | § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | § § § | |
| Defendant. | § § | A-14TH JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF DEFENDANT
## INDEMNITY INSURANCE COMPANY OF NORTH AMERICA

DEFENDANT INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (hereinafter "Defendant"), in the above-entitled and numbered cause, files this Original Answer in the above-captioned lawsuit and would show:

### GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant generally denies all of the allegations contained in Plaintiffs' Original Petition, and any amendments and supplements thereto, and requests that this Court require Plaintiffs to prove such allegations by a preponderance

of the evidence as required by the Texas Constitution and by the statutes, laws, and Rules of Civil

Procedure of the State of Texas.

## REQUEST FOR DISCLOSURE

Pursuant to Tex. R. Civ. P. 194, Plaintiffs are requested to provide Defendant the

information and documentation set forth in Rule 194 within 60 days of this request.

Dated: May 22, 2020

NORTON ROSE FULBRIGHT US LLP
*/s Daniel McNeel Lane, Jr.*
Daniel McNeel Lane, Jr.
State Bar No. 00784441
neel.lane@nortonrosefulbright.com
Frost Tower
111 W. Houston Street, Suite 1800
San Antonio, TX 78205
Telephone:    (210) 224-5575
Facsimile:    (210) 270-7205

ATTORNEYS FOR INDEMNITY INSURANCE OF
NORTH AMERICA

## CERTIFICATE OF SERVICE

This pleading, Original Answer of Defendant Indemnity Insurance Company of North
America, has been served upon all counsel of record in compliance with Rules 21 and 21a of the
Texas Rules of Civil Procedure on May 22, 2020:

Patrick A. Luff
Robert E. Ammons
The Ammons Law Firm, LLP
3700 Montrose Blvd.
Houston, Texas 77006
rob@ammonslaw.com
Patrick.luff@ammonslaw.com

*/s/ Daniel McNeel Lane, Jr.*

Daniel McNeel Lane, Jr.

CAUSE NO. DC-20-05751

| LOMBARDI'S INC.; LOMBARDI'S | § | IN THE DISTRICT COURT OF |
|---|---|---|
| FAMILY CONCEPTS, INC.; PENNE | § | |
| SNIDER, LLC; PENNE PRESTON, LLC; | § | |
| ALBERTO LOMBARDI INTERESTS, | § | |
| LLC; TAVERNA DOMAIN AUSTIN, LP; | § | |
| CAFÉ TOULOUSE RIVER OAKS | § | |
| DISTRICT; CAFÉ MONACO HPV, LLC; | § | |
| PENNE LAKEWOOD, LLC; TAVERNA | § | |
| BUCKHEAD, LP; TAVERNA AUSTIN, | § | |
| L.L.C.; TAVERNA FT. WORTH, LLC; | § | |
| TOULOUSE KNOX BISTRO, LLC; | § | |
| TAVERNA ARMSTRONG, L.L.C.; | § | |
| TOULOUSE DOMAIN AUSTIN, LP; | § | |
| BISTRO 31 LEGACY, LP; TAVERNA | § | |
| LEGACY, LP; TAVERNA BUCKHEAD, | § | |
| LP; AND LOMBARDI'S OF DESERT | § | |
| PASSAGE, INC. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| INDEMNITY INSURANCE COMPANY | § | |
| OF NORTH AMERICA, | § | |
| | § | |
| Defendant. | § | A-14TH JUDICIAL DISTRICT |

## <u>INDEX OF STATE COURT DOCUMENTS</u>

| Document | Date Filed |
|---|---|
| Plaintiffs' Original Petition | 04-16-2020 |
| Jury Demand (by Plaintiffs) | 04-16-2020 |
| Defendant's Original Answer | 05-22-2020 |

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**CIVIL COVER SHEET ADDENDUM:**
**Lombardi's Inc., et al v. Indemnity Insurance Company of North America**

**PLAINTIFFS:**

Lombardi's Inc.
Lombardi's Family Concepts, Inc.
Penne Snider, LLC
Penne Preston, LLC
Alberto Lombardi Interests, LLC
Taverna Domain Austin, LP
Café Toulouse River Oaks District, LP
Café Monaco HPV, LLC
Penne Lakewood, LLC
Taverna Buckhead,LP
Taverna Domain Austin LP
Taverna Austin, L.L.C.
Taverna Ft. Worth, LLC
Toulouse Knox Bistro, LLC
Taverna Armstrong, L.L.C.
Toulouse Domain Austin, LP
Bistro 31 Legacy, LP
Taverna Legacy, LP
Taverna Buckhead LP
Lombardi's of Desert Passage, Inc.

## Supplemental Civil Cover Sheet for Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   |-------|-------------|
   |       |             |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

   | Party and Party Type | Attorney(s) |
   |----------------------|-------------|
   |                      |             |
   |                      |             |
   |                      |             |
   |                      |             |
   |                      |             |

3. **Jury Demand:**

   Was a Jury Demand made in State Court?          Yes                    No

        If "*Yes,*" by which party and on what date?

   _____          _____
   Party                                                            Date

Supplemental Civil Cover Sheet
Page **2** of **2**

4. **Answer:**

   Was an Answer made in State Court?          Yes                    No

      If "*Yes*," by which party and on what date?

      _____          _____
      Party                                                          Date

5. **Unserved Parties:**

   The following parties have not been served at the time this case was removed:

   | Party | Reason(s) for No Service |
   |---|---|
   |  |  |
   |  |  |
   |  |  |
   |  |  |
   |  |  |

6. **Nonsuited, Dismissed or Terminated Parties:**

   Please indicate any changes from the style on the State Court papers and the reason for that change:

   | Party | Reason |
   |---|---|
   |  |  |

7. **Claims of the Parties:**

   The filing party submits the following summary of the remaining claims of each party in this litigation:

   | Party | Claim(s) |
   |---|---|
   |  |  |

**LIST OF PARTIES AND COUNSEL (Attachment to Supplemental Civil Cover Sheet**

| PLAINTIFFS | COUNSEL |
|---|---|
| Lombardi's Inc.<br>Lombardi's Family Concepts, Inc.<br>Penne Snider, LLC<br>Penne Preston, LLC<br>Alberto Lombardi Interests, LLC<br>Taverna Domain Austin, LP<br>Café Toulouse River Oaks District, LP<br>Café Monaco HPV, LLC<br>Penne Lakewood, LLC<br>Taverna Buckhead,LP<br>Taverna Domain Austin LP<br>Taverna Austin, L.L.C.<br>Taverna Ft. Worth, LLC<br>Toulouse Knox Bistro, LLC<br>Taverna Armstrong, L.L.C.<br>Toulouse Domain Austin, LP<br>Bistro 31 Legacy, LP<br>Taverna Legacy, LP<br>Taverna Buckhead LP<br>Lombardi's of Desert Passage, Inc. | Michael W. Huddleston<br>State Bar No. 1048415<br>mhuddleston@munsch.com<br>Munsch Hardt Kopf & Harr, P.C.<br>3800 Ross Tower<br>500 North Akard Street<br>Dallas, Texas 75201-7584<br>T: (214) 855-7500<br>F: (214) 855-7584 |

| DEFENDANT | COUNSEL |
|---|---|
| Indemnity Insurance Company of North America | Daniel McNeel Lane, Jr.<br>State Bar No.  00784441<br>neel.lane@nortonrosefulbright.com<br>Norton Rose Fulbright US LLP<br>Frost Tower<br>111 W. Houston Street, Suite 1800<br>San Antonio, TX  78205<br>Telephone:    (210) 224-5575<br>Facsimile:     (210) 270-7205 |