UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOMBARDI'S INC., ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:20-CV-1371-G |
| INDEMNITY INSURANCE COMPANY | ) | |
| OF NORTH AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On April 16, 2020, the plaintiffs filed this case in the 14th Judicial District

Court of Dallas County, Texas.  *See* Plaintiffs' Original Petition ("Petition"), *attached*

*to* Notice of Removal of Defendant Illinois Union Insurance Company[*] ("Notice of

Removal") (docket entry 1) as Exhibit A.  On May 27, 2020, the defendant removed

the case to this court on the basis of diversity of citizenship.  *See* Notice of Removal

at 2.

---

[*]       Although the defendant incorrectly titled its notice of removal as
"Notice of Removal of Defendant Illinois Union Insurance Company[,]" the court
assumes that the defendant Indemnity Insurance Company of North America
actually removed the case to this court.

This court is required to examine the basis for its subject matter jurisdiction, on its own motion if necessary. *Torres v. Southern Peru Copper Corporation*, 113 F.3d 540, 542 (5th Cir. 1997). Diversity of citizenship jurisdiction requires *complete* diversity, *i.e.*, the citizenship of *every* plaintiff must be different from the citizenship of the defendant.

The Plaintiffs are as follows.

a.   Lombardi's Inc., a corporation organized under Texas law and doing business in Dallas County, Texas;

b.   Lombardi's Family Concepts, Inc., a corporation organized under Texas law and doing business in Dallas County, Texas;

c.   Penne Snider, LLC; Penne Preston, LLC; Alberto Lombardi Interests, LLC; Taverna Domain Austin, LP; Café Toulouse River Oaks District, LP; Cafe Monaco HPV, LLC; Penne Lakewood, LLC; Taverna Buckhead, LP; Taverna Domain Austin, LP; Taverna Austin, L.L.C.; Taverna Ft. Worth, LLC; Toulouse Knox Bistro, LLC; and Taverna Armstrong, L.L.C. each are limited liability companies organized under Texas law and doing business in Dallas County, Texas;

d.   Toulouse Domain Austin, LP; Bistro 31 Legacy, LP; Taverna Legacy, LP; and Taverna Buckhead, LP each are limited partnerships organized under Texas law and doing business in Dallas County, Texas; and

e.   Lombardi's of Desert Passage, Inc. is a foreign corporation organized under Nevada and doing business in Nevada.

- 2 -

Petition ¶ 3.

Generally, the citizenship of artificial entities other than corporations is determined by the citizenship of their members.  This rule applies to limited partnerships, see *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (19990), and to limited liability company companies, see *Harvey v. Grey Wolf Drilling Company*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).

The citizenship of the defendant Indemnity Insurance Company of North America is alleged to be Pennsylvania, *see* 28 U.S.C. § 1332(c)(1) (corporation is deemed a citizen of state where it is incorporated and has its principal place of business), but the court cannot tell if there is complete diversity because the names and citizenship of the members of the plaintiff entities are not alleged.

The defendant asserts as follows.

> Since Defendant IINA is unable to determine the identity and citizenship of all of the members of the plaintiff LLCs and the partners of the plaintiff LPs from public sources, and since Plaintiffs have been unable to provide complete information on the constituents and citizenships of all Plaintiff entities prior to the filing of this Notice, Defendant IINA requests leave of court to conduct limited jurisdictional discovery in the form of interrogatories asking Plaintiffs to set forth the identity and citizenship of the unincorporated plaintiff entities and any other discovery the court deems necessary in order to confirm that full diversity of citizenship exists.

Notice of Removal at 9.

The court construes this assertion as a motion for leave to conduct jurisdictional discovery in the form of interrogatories.  The motion is **GRANTED**. The defendant must serve the plaintiffs with these interrogatories by **June 12, 2020**.

By **July 13, 2020**, the defendant shall file and serve an amended notice of removal alleging the citizenship of the limited partnerships and limited liability companies.  Failure to timely file and serve such an amended notice of removal will result in remand to the 14th Judicial District Court of Dallas County, Texas, without further notice.

**SO ORDERED.**

May 29, 2020.

**A. JOE FISH**
**Senior United States District Judge**